St. Louis and Southwestern Railway Company of Texas v. A. N. Bryson.

Decided December 23, 1905.

### 1.—Cross-Examination—Pertinent Questions.

In a suit for personal injuries a witness for the defendant testified by deposition that the general reputation of the plaintiff for industry and energy was bad. In answer to cross-interrogatories he gave the name of a person whom he had heard say that the plaintiff did not like to do hard work. Plaintiff then placed the person named on the stand and proved by him that he made no such statement. Held, if the testimony of defendant's witness as to the reputation of plaintiff was relevant and material, the impeaching testimony was also relevant and material.

### 2.—Admission of Testimony—Harmless Error.

Where the incompetency of the members of the train crew was not made a ground of recovery, the admission of testimony as to their incompetency was not cause for reversal when the court did not submit such issue, and there was other testimony to the same effect admitted without objection.

### 3.—Refusal of Special Charge—Omission of Issues.

It is not error to refuse a special charge directing the jury to find for the defendant when said charge does not include all the issues of negligence relied on by plaintiff.

Appeal from the District Court of Tarrant County. Tried below before Hon. Mike E. Smith.

*E. B. Perkins, Spoonts & Thompson* and *J. H. Barwise, Jr.,* for appellant.

*F. E. Albright* and *R. L. Carlock,* for appellee.

CONNER, Chief Justice.—The appellee, Bryson, instituted this suit in the District Court of Tarrant County against appellant to recover damages for personal injuries specified in his petition. He alleged that at the time he was engaged in unloading a car of cord-wood, standing upon a track customarily and commonly used as an unloading track; that while so doing a switch crew, without giving warning of their approach, and while the employes of appellant engaged in switching knew, or, by the exercise of ordinary care, would have known, that appellee was in the car, negligently caused a car they were operating to be coupled to the car within which appellee was at work, suddenly moving the latter, and causing appellee to be violently thrown down and injured. It was alleged that the employes of appellant were negligent in making the coupling with unnecessary force, and without giving warning of their approach. The trial resulted in a judgment for appellee in the sum of $500.

Upon the trial, appellant, among other things, read in evidence the deposition of one Roy McLennan, who testified in answer to interrogatories propounded to him, "that he knew appellee's general reputation as to industry and energy, and that it was bad. That he was not regarded as an industrious person, but rather the reverse; that the appellee was a lazy man, and one never known to do much hard work, and was shiftless." Appellee, by one of his cross-interrogatories, asked the witness to state who he had ever heard say that he, appellee, was a person who did not like to do hard work, in response to which the witness answered: "I think I have heard Mr. A. C. Bowles of Speegleville say that Mr. Bryson was a fellow who did not like to do hard work." In this state of the proof, appellee then placed upon the stand the witness A. C. Bowles, and asked him: "Did you ever tell Roy McLennan that Mr. A. N. Bryson was a fellow who was shiftless and did not like to do hard work, and was, generally, no account?" To which the witness answered: "I never did." Appellee then asked: "You say you did not?" The witness answered, "No, sir." He was then asked: "Did you have any conversation like that with him?" To which the witness answered, "No, sir." Appellant objected to this testimony of A. C. Bowles on the ground that it was an effort on the part of appellee to contradict and impeach appellant's witness on an immaterial and subordinate issue, and the court's refusal to sustain such objection is made the ground of appellant's first assignment of error. It seems quite apparent to us that there is no force in appellant's contention. If evidence of appellee's general reputation in the respect inquired about in the interrogatories to McLennan was relevant to any of the issues in the case, and appellant is surely not in position to question this, then it was permissible for appellee, upon cross-examination, to inquire of the witness the names of persons upon whose statement he predicated his knowledge of the bad reputation of appellee, and to prove, if he could do so, by the persons whose names were given, that they, in fact, made no such statements as had been imputed to them. The issue in this respect was not collateral and immaterial in the sense forbidding such proof. It pertinently and clearly related to the very

issue involved in the statement of the witness that appellee's general reputation was bad. We think the assignment must be overruled.

We find nothing reversible in the action of the court in permitting appellee to prove by the witness Harold that the engineer in charge of the engine was an extra man, and that White, one of the switch crew, was a new man. The objection to this testimony is that there was no allegation in appellee's pleading raising the issue of the incompetency of the crew doing the switching. While it is true that negligence in the employment of the members of the crew was not made a ground of recovery, the court submitted no such issue, and we fail to see how appellant could be prejudiced by proof of any of the circumstances actually existing and entering into the occurrence which resulted in the injury. But, if inadmissible, the same proof in substance was made without objection by other witnesses. For instance, Pat Burns, who testified in behalf of the appellant, among other things, says: "I had gone to work for Cotton Belt that same morning; don't remember when White came on to work. Think it was at eleven or twelve o'clock that day, but I am not sure. We were both new men." C. C. Harold, also a witness for appellant, among other things, testified that Patterson, the engineer in charge of the switch engine at the time, was "an extra man here in this yard." The third assignment is accordingly overruled.

In the fourth assignment complaint is made of the court's refusal to give the following special charge requested by appellant: "Before you can find for the plaintiff in this case, you must believe from the testimony either (1) that the operatives in charge of the engine, or those in charge of the work, or some of them, knew of the presence of the plaintiff in the car at the time of the coupling in question, or (2) you must find and believe, from the testimony, that such operatives, or some of them, ought, by the exercise of ordinary care and prudence, considering all the facts and circumstances shown in the testimony, to have known of his presence in the car at said time, and if the testimony fails to so show, then it is your duty, under the law, to find for the defendant, and so say in your verdict." We think this charge properly refused, if, for no other reason, because it excludes other grounds of negligence upon which appellee bases his cause of action. If it be conceded that appellant was without negligence in the respects pointed out in the special charge, nevertheless, if negligence in failing to give proper warning, and in making an unnecessary, forceful coupling, was established, as charged, and injury to appellee proximately resulted therefrom, then appellee would be entitled to recover.

Under the remaining assignment, appellant insists that the verdict is excessive. We think it sufficient to say that the evidence has been considered, and we find but little therein to justify the contention. Appellee testified to the effect that, by reason of the collision, he was thrown backward, and fell with much force upon his back; that he was severely injured in the small of his back; that he was confined to his bed and under the treatment of a physician for a period of about one month; that he has never entirely recovered from his injuries; that he suffered great pain, and otherwise described his injuries, so as to fully support the verdict.

The verdict is not otherwise questioned, and we find that the mate-

rial allegations of appellee's petition are supported by the evidence, and, finding no error pointed out in the assignments, the judgment is in all things affirmed.

*Affirmed.*

Writ of error refused.