## TEXAS TRACTION CO. v. FEARRIS.

(Court of Civil Appeals of Texas. Dallas. Feb. 14, 1914.)

1. TRIAL (§ 216*)—INSTRUCTIONS—SUBMISSION OF ISSUES.

In a personal injury action, where plaintiff claimed damages for permanent injuries, and the evidence would have authorized a finding either that his injuries were or were not permanent, the giving of an instruction submitting to the jury the question of the amount of recovery to which he was entitled for such injuries, and the denial of a requested charge that if they were not permanent, no allowance could be made thereon, was erroneous.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 484; Dec. Dig. § 216.*]

2. WITNESSES (§ 405*)—IMPEACHMENT—CONTRADICTION.

In a personal injury action, defendant claimed that some of the injuries complained of were due, not to the accident, but to a constitutional disease from which plaintiff suffered, and, to sustain that contention, introduced the deposition of a physician, to the effect that he had treated plaintiff for that disease, and that his injuries were attributable to it, and not to the accident. The deposition contained a statement that the physician testified by deposition because he was ill, and unable to leave his residence. Held, that the physician's testimony could not be discredited by proof that he was not ill, and was able to leave his residence, for that relates to an immaterial matter; it not being competent to impeach a witness by contradicting him on an immaterial matter.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 1273, 1275; Dec. Dig. § 405.*]

3. WITNESSES (§ 361*)—IMPEACHMENT—CORROBORATION.

In a personal injury action, where defendant claimed that plaintiff was a malingerer, and introduced evidence tending to show that he had attempted to suborn witnesses, and had been guilty of acts reflecting on his personal character, plaintiff, who testified in his own behalf, may introduce witnesses to the effect that his reputation for truth and veracity in the place where he lived was good.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 1167–1175; Dec. Dig. § 361.*]

Appeal from District Court, Grayson County; W. M. Peck, Judge.

Action by David Fearris against the Texas Traction Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Head, Smith, Hare, Maxey & Head, of Sherman, for appellant. Randell & Randell, Jones & Hassell, and Hamp P. Abney, all of Sherman, for appellee.

RASBURY, J. Appellee sued for and recovered damages for personal injuries alleged to have been negligently inflicted upon him while a passenger upon appellant's interurban car passing through Sherman. The ground of negligence alleged was in operating the car at a high rate of speed in violation of the city ordinances, resulting in said car being derailed and wrecked at a point in said city where a spur track branches from the main line, caused by a splitting of the switch at said point, and which was induced and contributed to by the defective construction and maintenance of the switch and tracks at said point, as well as to the condition of the wheels upon said car, etc. Appellee's injuries were set out, and alleged to be permanent, and for which verdict and judgment were sought.

Appellant met the allegations of negligence by the general issue, and the plea that appellee contributed to his injuries by remaining on the platform of the car, instead of occupying the seat provided for him within the car.

[1] The first assignment of error complains of the refusal of the court to allow appellant's special charge, instructing the jury that, if appellee's injuries were in fact not permanent, to allow him nothing for such injuries. The refusal to give the charge requested makes it necessary to reverse and remand the case. The petition alleged permanent injuries, and sought a recovery for such. The evidence disclosed by the record, both by physicians and laymen, with reference to appellee's injuries, is such as would have supported a finding by the jury that the injuries were either permanent or temporary, and hence it cannot be said that the evidence, without contradiction, shows appellee's injuries to be permanent, in order to permit us to say that the refusal to give the charge was harmless for that reason. The

evidence upon trial being as we have said, the trial court, in submitting the case, among other matters, directed the jury, in the event their verdict should be for appellant, to allow him "such sum as you may believe from the evidence will, as a present cash payment, reasonably and fairly compensate him * * * for the physical and mental pain, if any, which you may believe from the evidence it is reasonably probable he will suffer in the future by reason of his injuries." This portion of the charge, of course, submits to the jury the question of the permanency of appellee's injuries. It is equally clear that the jury considered same, and probably made an allowance in that behalf, particularly so when it is considered that the evidence in behalf of appellee tended to show that at the time of the trial, which was approximately three years after the accident, appellee still suffered from his injuries. The charge above quoted being the only reference in the court's charge to the permanency or not of appellee's injuries, appellant requested the court to further instruct the jury that it devolved upon appellee to show by a preponderance of the evidence that his injuries were in fact permanent before he would be entitled to recover for such injuries, and that, unless they believed from such preponderance of the evidence that his injuries were permanent, they should not, in arriving at their verdict, allow anything in that behalf. As stated, the court declined the request. The burden cast by law upon appellee to establish the particular acts of negligence complained of was maintained by the charge; but nowhere in the charge is the jury directed that a like burden was upon appellee to prove, as well, the permanency of his injuries. Proving permanent injuries is not unlike proving any other material fact at issue necessary to a recovery, and the negative of such fact must be presented affirmatively when requested by the defendant, as was done in this case. This court, in Dallas Con. Elec. St. Ry. Co. v. McGrew, 115 S. W. 344, held that, where the trial court instructed the jury, if they believed from the testimony that the plaintiff's injuries were due to the sudden stopping and starting of the car upon which he was a passenger, to find for plaintiff, it was reversible error to refuse to charge them that, if they believed from the evidence that the injuries were not due to the sudden stopping and starting of the car, to find for defendant. In the instant case evidence was adduced tending to establish permanent injuries as a result of the alleged acts of negligence, and the court told the jury they could allow compensation therefor, but at the same time refused to tell them, if the injuries were not permanent, no recovery, could be had therefor, which is obviously incorrect. The question has been so often passed upon that it has become a settled rule. Texas Trunk Ry. Co. v. Ayres, 83 Tex. 269, 18 S. W. 684;

G., C. & S. F. Ry. Co. v. Shieder, 88 Tex. 152, 30 S. W. 902, 28 L. R. A. 538; M., K & T. Ry. Co. v. McGlamery, 89 Tex. 635, 35 S. W. 1058; M., K. & T. Ry. Co. v. Rogers, 91 Tex. 52, 40 S. W. 956; St. Louis S. W. Ry. Co. v. Hall, 98 Tex. 480, 85 S. W. 786; St. Louis, S. F. & T. Ry. Co. v. Overturf, 163 S. W. 639, decided January 24th by this court.

[2] The second assignment of error complains of the admission of certain testimony, on the ground that the effect of the testimony was to impeach one of appellant's witnesses upon an immaterial matter. It appears that, after commencing the trial of the case, appellant secured the deposition of Dr. H. M. Johns, a resident of Sherman, where the case was tried, who testified that about nine years prior he had treated appellee for a specific trouble of a syphilitic nature; it having been pleaded by appellant that appellee's injuries were due to such trouble, rather than any injuries received in the accident. In answer to cross-interrogatories inquiring why he did not appear in court and testify, he further deposed that it was because he was suffering from blood poison, resulting from having stuck a nail in his foot, and was unable to leave his residence. The explanation of the witness' absence, while made in answer to cross-interrogatories, was offered in evidence by appellant. Subsequent to the introduction of the recited testimony appellee placed Tom Larkin upon the stand, who testified in substance that he knew the witness, Johns, whom he saw in his (Larkin's) office the day before he (Johns) testified, and observed nothing wrong with him, no lameness, etc. As we have said, one of appellant's defenses developed by the evidence was that appellee's injuries, alleged to be due to the wreck of the car, was in fact due to trouble of a syphilitic nature. By several witnesses, and by admissions of appellee, certain facts and circumstances were developed which would have sustained a finding of the jury that appellee's injuries were so attributable. In considering the point here raised, we concede that the testimony tending to prove the witness Johns was able to attend court is of much probative force, and will, in view of the finding of the jury, be accepted by us as true, for the purposes of this appeal. In like fairness, it must also be conceded that the fact thus established was that the witness was not suffering from blood poison, and was able to attend court in person, and he stands accordingly contradicted, and his credibility attacked upon that issue alone. It was said, in T. & P. Ry. Co. v. Phillips, 91 Tex. 278, 42 S. W. 852, that "it is elementary that a witness cannot be impeached by contradicting him upon an immaterial matter." To the same effect is G., C. & S. F. Ry. Co. v. Kizziah, 86 Tex. 81, 23 S. W. 578; Batcheller v. Besancon, 19 Tex. Civ. App. 137, 47 S. W. 296. It is also said, in G., C. & S. F. Ry. Co. v. Matthews, 100 Tex. 63, 93 S. W. 1068, that such contradictions are not permitted, "for the

reasons that witnesses are not expected to come prepared to sustain all the statements they have made upon subjects not involved in the controversy, and because its admission would involve the trial of too many issues as to the truth of the statements the determination of which would at least have little effect upon the decision of the case." The rule, then, being as we have stated, the only remaining question is: Was the truth or falsity of Dr. Johns' statement that he was unable to appear in court a material issue in the case? We conclude that clearly it was not. The material issue, so far as relates to the testimony of Johns, was whether appellee's injuries were the result of the wreck, or due to troubles of a syphilitic nature. We can best illustrate the point by the case of St. Louis S. W. Ry. Co. v. Bryson, 41 Tex. Civ. App. 245, 91 S. W. 829. In that case the railroad, which had been sued for damages by appellee, proved by the witness McLennan that he knew appellee's general reputation for industry and energy, and that it was bad. Upon cross-examination he was asked to name some one whom he had heard discuss it, and he named A. C. Bowles. Bowles was placed upon the stand and denied making any such statement to McLennan. Thus it will be seen that in the case cited appellee's general reputation was an issue, and that the effect of the testimony of Bowles was to contradict him upon that issue, which obviously was a material one, by showing that Bowles never had made the statement upon which the witness claimed to base his testimony. In the instant case Johns' general reputation for truth and veracity was not attacked, and hence not an issue, and, even if attacked, the truth or falsity of his statement of his inability to attend trial would not have been admissible for the purpose of showing that his general reputation for truth and veracity was bad, but would have been confined to such general reputation. In further illustration of the distinction, if proof had been offered that Johns did not treat appellee at Ennis, as he said he did, the testimony would clearly have been admissible, since same would have tended to contradict him upon a material issue, that of having treated him for the trouble stated and claimed by appellant to be the cause of appellee's injuries. Accordingly, for the reasons stated, we conclude it is our duty to also sustain the second assignment of error.

[3] The third assignment of error complains of the action of the court below in permitting appellee to prove by a number of witnesses, who properly qualified themselves, that appellee's general reputation for truth and veracity in the community where he lived was good. It may be said that, for the purpose of giving added force to the statement of a witness who has been contradicted by another witness on a given fact or facts, proof of the general reputation of the witness so contradicted for truth and veracity will not be received. Such was not the situation in the instant case, however. The record discloses that, after appellee had established his prima facie case, evidence was introduced which tended strongly to prove, not only that appellee had attempted to suborn or purchase the silence of witnesses, and had been guilty of acts reflecting upon his personal and moral character, but was also malingering pending the trial of his suit. Such attacks, in our opinion, may be combatted by proof, among other things, of the general reputation of the attacked litigant for truth and veracity. T. & P. Ry. Co. v. Raney, 86 Tex. 363, 25 S. W. 11; Tex. Cent. & N. W. Ry. Co. v. Weideman, 62 S. W. 810; M., K. & T. Ry. Co. v. Dumas, 93 S. W. 493; M., K. & T. Ry. Co. v. Adams, 42 Tex. Civ. App. 274, 114 S. W. 454.

The fourth assignment of error is, in effect, that the verdict is excessive, a consideration of which, in view of the conclusions we have reached with reference to the other assignments, is rendered unnecessary.

Because of the failure of the trial court to charge affirmatively upon the negative of the permanency of appellee's injuries and the admission of testimony impeaching appellant's witness Johns upon an immaterial matter, the judgment must be reversed, and cause remanded for another trial consistent with the views here expressed.

Reversed and remanded.