## J. D. MULLINAX v. O. P. PYRON.

Decided December 15, 1909.

**1.—Contract—Pleading—Quantum Meruit.**

Where plaintiff declares on an agreed contract for compensation—picking cotton at a specified price per cwt.—he can not prove or recover for the reasonable and customary price of his services.

**2.—Evidence—Reputation.**

Where plaintiff's reputation for honesty was put in issue by a plea seeking to charge him for embezzlement of money of defendant, he could prove his good reputation in rebuttal, but testimony of one for whom he had worked that he made a good hand and they had no trouble in settlement was not admissible.

**3.—Same.**

The fact that plaintiff's reputation for honesty was put in issue and evidence in its support was admissible, did not put in issue the honesty of defendant nor warrant the introduction of evidence attacking his reputation by plaintiff.

Appeal from the County Court of Jack County. Tried below before Hon. S. Stark.

*Nicholson & Fitzgerald,* for appellant.

*P. B. Cox* and *J. P. Simpson,* for appellee.

FISHER, CHIEF JUSTICE.—This is a suit by appellee against appellant to recover the sum of $425.95, with interest at six percent per annum, for money borrowed to the amount of $250, for labor performed by the month in making a crop to the amount of $160.75, and for cotton picked by special contract at sixty-five cents per hundred, amounting to $15.20, aggregating the total sum of $425.95.

Defendant answered by general denial and by plea of payment of the items of $250 and $160, and denial of the contract for picking cotton; and also, in effect, alleged that the plaintiff had appropriated or embezzled certain amounts of money stated in appellant's answer.

On trial below, verdict and judgment were rendered in appellee's favor for the sum of $285, from which the appellant has appealed.

The first assignment of error complains of the action of the trial court in permitting plaintiff to prove by certain witnesses the reasonable and customary price for picking cotton in the neighborhood in which the defendant resided, which was testified to by these witnesses as sixty-five cents per hundred pounds. This evidence was objected to by the appellant on the ground that there was no pleading upon which to base it; that the plaintiff had declared upon an express contract, and that it was error to permit the plaintiff to prove, as a basis for recovery as to that item, the reasonable value of the services in picking cotton. This objection was well taken. The declaration upon an express contract as to a certain amount agreed to be paid for the services rendered will not let in proof of a quantum meruit or the reasonable value of the services rendered by the plaintiff.

The second assignment of error complains of the action of the trial court in permitting evidence of witnesses in favor of plaintiff to the effect that the plaintiff had worked for him and that he had no trouble in making settlement with the plaintiff; that the plaintiff was a good hand and had a good reputation for honesty. A part of this testimony was admissible and a part not admissible. So far as relates to the question whether plaintiff worked for the witness Smith, and that he had no trouble in making a settlement, and that the plaintiff was a good hand, was not an issue in the case; but the question of the plaintiff's good reputation for honesty was an issue brought into the case by the appellant's pleading, charging him with embezzlement of money belonging to the appellant. This is one of the instances in which evidence of good character for fair dealing and honesty was admissible. Fire Assn. of Phila. v. Jones, 40 S. W., 46.

Appellant's third assignment complains of the ruling of the court in allowing the witness John Spencer to testify, in effect, that the reputation of the defendant for dishonesty, trickery and not paying his debts was bad. There was no issue raised by the pleadings as to defendant's honesty or his reputation in any manner, as called in question by this testimony, and we know of no rule that would justify the admission of this evidence, except that it may have been believed that the doctrine of "an eye for an eye and a tooth for a tooth" prevailed in Texas. From the manner in which this question is treated the appellee undertakes to justify the ruling of the court in admitting this evidence, on the ground that as the appellant had by his pleading charged the plaintiff with an unlawful appropriation and embezzlement of his money, that the plaintiff should be allowed to attack the reputation of the defendant in the manner questioned by this testimony. We will not undertake to argue this question, for fear that we might become extravagant in the language we might use, but will simply dispose of it with the statement that no such rule is recognized in the law.

For the errors pointed out the judgment is reversed and the cause remanded.

*Reversed and remanded.*