IRVIN v. JOHNSON et al. (No. 350.)

(Court of Civil Appeals of Texas. El Paso. Nov. 12, 1914.)

1. JUDGMENT (§ 435*) — VACATION — "DIRECT ATTACK."

A suit to set aside a judgment at a subsequent term is a "direct attack" thereon, and if a meritorious defense is shown and complainants were prevented from establishing it by accident, fraud, or mistake, or other circumstances not imputable to their own fault or neglect, their application should be granted, though only a prima facie case of injustice is made to appear.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 785, 821, 822; Dec. Dig. § 435.*

For other definitions, see Words and Phrases, First and Second Series, Direct Attack.]

2. JUDGMENT (§ 432*)—VACATION—SUIT IN EQUITY—NEGLECT.

Where complainants were notified by their counsel to come to court for the trial of a certain action, but they refused to do so, and, after one postponement had been granted to enable complainants' counsel to get them, judgment was rendered against them by default, evidence that the district judge stated to one of the complainants, who was an ignorant negro, that "the case would never be any more," and that defendant would not get the relief demanded, did not justify complainants in refusing to come to court in response to their counsel's summons, and was therefore not ground for vacation of the judgment in equity.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 816, 818, 819; Dec. Dig. § 432.*]

3. JUDGMENT (§ 461*)—DEFAULT—VACATION—INSANITY.

In a suit to set aside a default judgment, any evidence, however remote, which would have a tendency to establish mental weakness on complainant's part such as would excuse his failure to appear at the time the case was called for trial, was admissible.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 892, 893, 895; Dec. Dig. § 461.*]

4. TRIAL (§ 192*)—NONCONTROVERTED ISSUE—INSTRUCTIONS.

Where the execution of a deed by complainants to defendant was not a controverted issue, the court could have charged the jury that they did so execute it.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 432–434; Dec. Dig. § 192.*]

5. EVIDENCE (§ 106*)—REPUTATION.

Where the regularity of a notary's acts in taking the acknowledgment of a deed are attacked, evidence concerning the notary's reputation is admissible.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 177–187; Dec. Dig. § 106.*]

6. TRIAL (§ 260*)—INSTRUCTIONS—REQUEST TO CHARGE—INSTRUCTIONS GIVEN.

It is not error to refuse requests to charge, the substance of which is covered by instructions given.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

7. CANCELLATION OF INSTRUMENTS (§ 43*)—PLEADING—ISSUES AND PROOF.

Where a deed was sought to be set aside for fraud only, the question whether a consideration was paid for the conveyance was immaterial.

[Ed. Note.—For other cases, see Cancellation of Instruments, Cent. Dig. §§ 96–99; Dec. Dig. § 43.*]

8. APPEAL AND ERROR (§ 216*)—ISSUES—SUBMISSION—REQUEST TO CHARGE.

An assignment complaining of the submission of the question of limitation, an issue in the case, could not be considered on appeal where there was no special charge requested embodying the applicable law.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 216;* Trial, Cent. Dig. § 627.]

Appeal from District Court, Harris County; Wm. Masterson, Judge.

Suit by James Johnson and others against W. H. Irvin to set aside a judgment and cancel a deed and recover certain real property. Decree for complainants, and defendant appeals. Reversed and remanded.

S. H. Brashear and Ellis P. Collins, both of Houston, for appellant. Van Velzer & Lewis and D. E. Simmons, all of Houston, for appellees.

HARPER, C. J. This was a suit by Sarah Johnson and by James Johnson and Fannie Johnson (the last two suing by themselves and through Sarah Johnson as next friend), plaintiffs (appellees herein), against W. H. Irvin, defendant (appellant herein), brought to set aside a judgment, and to cancel a deed, and for title and possession of certain premises. Judgment was rendered for the plaintiffs, setting aside said judgment and deed, and defendant has perfected this appeal.

November 13, 1900, a deed regular on its face was signed (by mark) by James and Fannie Johnson, purporting to convey to W. H. Irvin, reciting consideration of $400 and other valuable considerations, lot No. 7 in block 23, Baker's addition to Houston; same being duly acknowledged before E. S. Phelps and placed of record. In December, 1911, said Irvin took judgment against said James and Fannie Johnson for the property sued for in this case, and thereafter dispossessed them under writ of possession. Whereupon, in March, 1912, this suit was filed to set aside the said judgment, to cancel the aforesaid deed, and for possession. The plaintiffs in this suit charging that the deed was acquired by fraudulently representing to the Johnsons that they were signing a receipt for money loaned instead of a deed; that they were ignorant, senile negroes, unable to understand the provisions of the document sign-

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

ed; and, further, that the judgment was taken by Irvin when they were not present in court; that their absence was excusable for the reasons set up in her petition which will be revealed in the discussions hereinafter. Upon the trial, the cause was submitted to jury upon special issues, which, with the answers thereto essential to this inquiry, are as follows:

"Was the failure of James Johnson and Fannie Johnson and Sarah Johnson to appear in court upon the trial of said cause No. 33879, on December 5, 1911, due to their excusable neglect? It was.

"State whether the deed from said James and Fannie Johnson dated November 12, 1900, to W. H. Irvin, was procured by the said W. H. Irvin by fraudulent representations made by him to the said James and Fannie Johnson? Yes.

"At the time of the execution of the instrument from James and Fannie Johnson to W. H. Irvin, did James and Fannie Johnson believe and intend that said instrument was to be a receipt for money, or was same intended by them to be a deed? Receipt.

"Did defendant Irvin and notary, Ed. S. Phelps, explain said deed or instrument to said Johnson and wife to be a receipt or a deed? Receipt.

"Did the said Johnson and wife so believe and act upon the representations of said defendant Irvin and said notary, Phelps? Yes."

By his first, sixth, and seventeenth assignments, plaintiff urges that the court erred in not giving peremptory instructions for defendant, because, the suit having been pending several years with full knowledge of appellees, it was their legal duty to keep advised of all proceedings, that there is no evidence that they were deceived or misled by appellant, or that they relied upon anything said or done by him in consequence of which they failed to appear when the judgment was taken.

[1] This is a direct attack upon the judgment, and as to such judgment the rule of law seems to be settled that, when a judgment has been rendered against a defendant and at a subsequent term he applies by bill in equity, for a new trial, alleging a meritorious defense, as in this case, and showing that he was debarred from establishing it by accident, fraud, or mistake or other circumstances not imputable to his own fault or neglect, the application should be granted, although only a prima facie case of injustice is made apparent in the application. And it has been held that the assurance of a district judge to a defendant in a civil suit warranted the defendant in believing that no action would be taken in his cause. Lanius v. Shuber, 77 Tex. 24, 13 S. W. 614; Beck v. Avondino, 20 Tex. Civ. App. 330, 50 S. W. 207.

The question for this inquiry is whether appellees have shown such facts as entitled them to have the case reopened. Bearing in mind the rule above quoted, the record unquestionably discloses that appellees had a meritorious defense; but were they debarred from establishing it by accident, fraud, or

mistake, or other circumstance not imputable to their own fault or neglect?

[2] Appellees urge that the statement of the former trial judge, Hamblen, as testified to by appellee James Johnson, was sufficient excuse for them not appearing. The statements, as they appear in the record are, "Judge Hamblen told me Mr. Irvin wouldn't get my home;" and further, "He said the case would never be any more." It is not likely that a trial court made any such statements about a pending case; but, if he did, the appellants were amply warned that such statements were not true by their admissions that their counsel had sent them word to come to court for the trial by two or three different people, and several witnesses testified that they in person notified them to be there, and their attorney testified that the case was at one time postponed on account of his inability to get his clients into court, and that he made repeated efforts to get them to come to court and they refused. Such facts do not show that their failure to be present at the trial of the cause was unavoidable, nor is there any evidence of fraud which induced them to remain away, or that the acts of the opposite party were in any way the cause of their failure to be present and present the defense. Nevins v. McKee, 61 Tex. 412; Merrill v. Roberts, 78 Tex. 28, 14 S. W. 254. Courts must be governed by facts —not fancies—in holding for naught deeds or their own decrees, else no one can know when his property rights are settled.

The trial court upon such showing should not have reopened the case.

[3] But appellees urge by cross-assignment that the trial court erred in sustaining an objection to testimony of physician and other witnesses concerning Johnson's mental condition.

The bill as to the physician's testimony is qualified by the court to the effect that the examinations made were after this suit was filed; therefore, self-serving, etc. As the record presents the case here, the mental condition of the plaintiffs at the time the case was tried, and at the time the deed was executed, were matters of defense, and their mental condition at the time the judgment by default was taken against them is the only thing suggested by this record which would bring them within the rule "without fault upon their part," to excuse them for absence from the trial, and, upon another trial, any evidence, however remote, which would have a tendency to establish mental weakness such as would excuse, at the time the cause came up for trial, should be admitted, and the issue passed upon by the jury. Edwards v. Edwards, 14 Tex. Civ. App. 87, 36 S. W. 1080; Lindly v. Lindly, 102 Tex. 135, 113 S. W. 750.

Since the second assignment complains of the action of the court in refusing to expressly charge the jury that the issue of insanity was not an issue in the case after excluding

the testimony, it is disposed of by what is stated above. Also, the twenty-ninth.

[4] The third complains of refusal to submit the special instruction, "Do you or not believe that James and Fannie Johnson signed (by their mark) the deed to W. H. Irvin?" This was not a controverted issue, but was admitted, and the court could have charged the jury that they did so execute it.

The fourth complains of refusal of special charge, the subject-matter of which was submitted and resolved in appellant's favor. The fifth—same.

The eighth, ninth, tenth, and eleventh complain of the admission of testimony over the objection of appellant, in which there was no error.

[5] The twelfth charges that the court erred in excluding testimony as to the reputation of the notary who took the acknowledgment. If, upon another trial, the regularity of the acts of the notary in taking the acknowledgment are attacked, such evidence in support of his reputation should be admitted.

[6, 7] The thirteenth complains of the refusal to submit special charge requested. The only material issue incorporated in it was submitted, viz., the burden of proof, in the main charge. The question of whether a consideration was paid was not material under the pleadings, because the deed was sought to be set aside for fraud.

This disposes of the fourteenth, twenty-fifth, and twenty-eighth assignments, as they complain of special charges upon consideration.

As to the fifteenth assignment, the matters in special charge requested were sufficiently covered by the general charge of the court.

The sixteenth to the twentieth, and the twenty-second, twenty-third, twenty-fourth, and twenty-sixth complain in some form of the special issues submitted, and in the action of the court in entering judgment therein. If there was error, it is not likely to occur upon another trial.

[8] The twenty-first complains of the submission of the question of limitation. This is an issue in the case by the pleading and evidence; but there was no special charge requested embodying the law applicable, so the assignment cannot be considered.

The twenty-seventh complains of the submission of issue No. 19. When read with the eighteenth and others, there is no error apparent.

For the reasons given, the cause must be reversed and remanded for another trial, and it is so ordered.

Reversed and remanded.