SIKES v. KELLER.    (No. 8641.)

(Court of Civil Appeals of Texas. Ft. Worth. May 12, 1917. On Motion for Rehearing June 23, 1917.)

1. JUSTICES OF THE PEACE ⬥⬥44(3)—JURISDICTION—AMOUNT IN CONTROVERSY—DETERMINATION.

In a suit for conversion, jurisdiction of the justice court is determined by plaintiff's allega-

tions as to the value of the property converted and the damage claimed, in the absence of a special plea specifically charging that it was so alleged for the fraudulent purpose of wrongfully conferring jurisdiction.

2. JUSTICES OF THE PEACE ⬤⇒44(8)—JURISDICTION — AMOUNT IN CONTROVERSY — CONVERSION.

Where jurisdiction of justice court is limited to suits involving amount not exceeding $200, it cannot be defeated by adding interest to alleged value of converted property, thereby extending plaintiff's claim beyond $200, where no interest is asked for or adjudged and cannot be, because conversion is alleged to have taken place on day suit instituted.

3. JUSTICES OF THE PEACE ⬤⇒59—PLEADING—CONSTRUCTION—JURISDICTION.

If plaintiff's allegations are susceptible of construction which will support the jurisdiction of the justice court rendering judgment, that construction will be adopted.

4. EVIDENCE ⬤⇒106(1) — RELEVANCY—CHARACTER.

In an action charging two defendants jointly with conversion and embezzlement, judgment for plaintiff will be reversed, where evidence is admitted as to general reputation, for honesty and fair dealing, of defendant not appealing, but whose testimony is material, since general character of defendant is not in issue in such an action unless he himself puts it in issue by an attempt to prove his good character.

On Motion for Rehearing.

5. APPEAL AND ERROR ⬤⇒880(2)—REVIEW—PARTY NOT APPEALING.

Where, in an action for conversion of personal property against two defendants, judgment is rendered against both, court will not, on appeal, determine whether there was error as to defendant not appealing in submitting a special issue to the jury.

Appeal from Wise County Court; J. W. Walker, Judge.

Action by G. M. Keller against Olga Sikes and another. From a judgment in favor of plaintiff, the defendant named appeals. Reversed and remanded.

R. E. Carswell, of Decatur, for appellant. McMurray & Gettys, of Decatur, for appellee.

CONNER, C. J. The appellee, Keller, instituted this suit on the 22d day of September, 1915, in a justice court against C. O. Sikes and Olga Sikes, a feme sole, to recover the sum of $199.75, as damages for the conversion of certain personal property alleged to be of that value. It was alleged that the conversion occurred at a point named in New Mexico "on or about September 22, 1915." The plaintiff in the suit at the same time caused the issuance of an attachment, which upon the same day was levied upon certain goods described in the sheriff's return; it being recited in the return that the property was "owned by C. O. and Olga Sikes." While the defendants, C. O. and Olga Sikes, were duly cited, it appears that they suffered a judgment by default in the justice court, but thereafter duly prosecuted an appeal to the county court,

wherein the plaintiff filed what was styled his "original petition," and wherein the defendant Olga Sikes appeared and by an answer in writing denied the conversion alleged by the plaintiff, and further specially alleged that she was the owner of the attached property. In answer to special issues upon which the case was submitted, the jury answered to the effect that C. O. Sikes converted the property described in the plaintiff's petition, and that the defendant Olga Sikes acted with him in such conversion. The jury further found that the property converted was of value $199.75 less 90 cents that had been paid by C. O. Sikes in behalf of the plaintiff, and that the property upon which the writ of attachment had been levied and described in the officer's return belonged to C. O. Sikes. Judgment in accordance with the verdict was rendered in favor of the plaintiff, and the defendant Olga Sikes has appealed.

[1] As alleged, the value of the property charged to have been converted and the damage claimed was within the jurisdiction of the justice court, and the allegation is controlling in the absence of a special plea specifically charging that it was so alleged for the fraudulent purpose of wrongfully conferring jurisdiction upon the justice court. Dwyer v. Bassett, 63 Tex. 274; Roper Bros. v. Brady, 80 Tex. 588, 16 S. W. 434; Baker v. Guinn, 4 Tex. Civ. App. 539, 23 S. W. 604.

[2, 3] There is no merit, therefore, in appellant's contention that the justice court was without jurisdiction, for neither in that court nor in the county court was it sought to defeat the jurisdiction by plea that the plaintiff had fraudulently stated the value of the converted property, nor was the jurisdiction of the justice court defeated, as is insisted, on the ground that to the alleged value of the converted property must be added interest, which, if done, would extend the plaintiff's claim beyond $200. It is true that interest in such cases is recoverable, as an element of damage from the date of the conversion; but there was no prayer for the recovery of such interest, and interest as an element of damages was not adjudged. Moreover, as alleged, the conversion occurred upon the day of the institution of the suit, and hence in no event did interest so accrue as to extend the amount of the plaintiff's claim beyond the jurisdiction of the justice court; the rule being that, if the plaintiff's allegations are susceptible of a construction which will support the jurisdiction of the court rendering the judgment, that construction will be adopted. See P. & N. T. Ry. Co. v. Rayzor, 106 Tex. 544, 172 S. W. 1103. Appellant's first assignment will, accordingly, be overruled.

We think the evidence authorized the submission of the issues, and that there was

no error of the court either in giving or in refusing charges.

[4] But we think the court committed reversible error as urged under the ninth assignment in admitting, over appellant's objection, the testimony of Guinn Williams, E. P. Gibson, T. C. Bridges, and J. H. Lynch, to the effect that the general reputation of C. O. Sikes in the neighborhood in which he lived in Texas prior to his removal to New Mexico for honesty and fair dealing was bad. While C. O. Sikes did not prosecute an appeal from the judgment against him in this case, he nevertheless was a party to the suit and jointly charged with the appellant Olga Sikes with conversion, and he was a material witness in the case, and neither defendant put C. O. Sikes' character in issue. In his testimony he denied specifically the conversion charged, and such testimony was material in behalf of the appellant Olga Sikes. The general rule undoubtedly is that in ordinary civil cases the general character of the parties to the litigation is not in issue, and in cases such as this his character cannot be attacked except where he, himself, has put it in issue by an attempt to prove his good character, and no such attempt was made in this case. Appellee insists that the charge against C. O. Sikes to the effect that he had converted the plaintiff's household goods and embezzled the money sent to him by plaintiff with which to pay the freight was such as to put in issue said defendant's character for honesty and fair dealing, and that hence the evidence received was competent. It is true there is a class of cases, such as in actions for damages for libel, slander, etc., which constitute exceptions to the general rule. In such cases the character of the party is the very matter in issue. In such cases the action is for the recovery of damages because of injury to character, and therefore, as stated, the status of the character of the complaining individual is the very matter in issue; but here the issue was one of conversion vel non. Whether C. O. Sikes and Olga Sikes were guilty of the conversion charged depended upon the particular facts and circumstances of the case, and not upon whether C. O. Sikes' general reputation was bad. It would certainly be extending the exception invoked by appellee beyond reasonable limits to say that the plaintiff by the making of a mere charge of conversion or embezzlement might prove the charge by establishing the bad character of the defendant. We know of no case, and none has been cited, that goes to such limits. On the contrary, we think all of the authorities are against the proposition. Knights of Maccabees of the World v. Shields, 156 Ky. 270, 160 S. W. 1043, 49 L. R. A. (N. S.) 853; Fire Ass'n of Philadelphia v. Jones, 40 S. W. 44; Mullinax v. Pyron, 58 Tex. Civ. App. 253, 123 S. W. 1139; Hurst v. Benson, 71

S. W. 417; 1 Jones on Evidence (Blue Book), §§ 154 and 155; 10 R. C. L. p. 947, § 117 et seq.

No other questions presented seem to be material in view of the conclusions announced.

The judgment below, therefore, will be reversed, and the cause remanded for the error noticed.

### On Motion for Rehearing.

We see no reason to change our conclusions as announced in our original opinion, and appellee's motion for rehearing will therefore be overruled; but appellant by motion duly filed suggests that our opinion on original hearing, to the effect that "there was no error of the court either in giving or refusing charges," be made more specific in order that the trial court on another trial may not be led into error. It is particularly insisted that the court erred in submitting special issue No. 1 to the jury, for the reason that it was upon the weight of the evidence; but the objection to the charge as presented in the assignment is wholly to the effect that the charge was erroneous on the ground that there was "no evidence that C. O. Sikes converted the goods in question."

[5] There is no suggestion in the assignment, nor in any proposition following it, that there was "no evidence" tending to show that Olga Sikes converted the property. C. O. Sikes did not appeal, and on original hearing, and now, we do not deem it material to determine whether or not, as against C. O. Sikes, there was any error in the charge. By stating, however, that there was no error in the charge, we meant there was no prejudicial error presented, and we will assume that upon another trial the court's charge will be adapted to the evidence as then presented, and that, if need be, the criticism of the charge made in appellant's second assignment of error will be avoided. So, too, do we assume that, should the circumstance shown upon another trial warrant it, the court will give, if requested, an appropriate instruction defining the word "conversion."

Save as above expressed, the motion will be overruled.