## SCHAFF v. BEALE. (No. 2711.)

(Court of Civil Appeals of Texas. Texarkana. April 5, 1923. Rehearing Denied April 26, 1923.)

**1. Appeal and error ⬅970(2)—Trial court should be allowed latitude in determining when character testimony should be admitted.**

A fair administration of justice requires that some latitude be allowed the trial judge in determining when evidence of character, reputation, or standing should be admitted, since there may occur in the course of a trial details calculated to affect the result, but which cannot find a place in the record on appeal.

**2. Appeal and error ⬅970(2)—Reversal because of admission of character testimony justified only when such testimony leads to unjust verdict.**

It is only when the admission of evidence of the character, reputation, or standing of a party probably led to the rendition of an unjust verdict that a case should be reversed upon that ground.

**3. Evidence ⬅106(1)—Admission of character testimony, that plaintiff negro was polite to white people, honest, etc., held not error where answer sought to discredit plaintiff.**

In an action by a negro passenger against a railway company for injuries, admission of evidence of plaintiff's good character, reputation for truth, honesty, that she was a negro very polite to white people, and above the average of her class, held not error, where the detailed statements in defendant's special answer and his manner of conducting the trial were designed to arouse race prejudice of jurors, and discredit plaintiff as an offensive negro, and where all of the defensive matter in the answer might have been shown under the general denial.

**4. Evidence ⬅528(1)—Testimony in deposition of doctor that plaintiff's condition could have been caused by blow held not error.**

Testimony in deposition of doctor in a personal, injury action that plaintiff's condition "could have been caused by the blow," held not error when read in connection with interrogatory.

**5. Depositions ⬅107(9)—Refusal to exclude testimony in deposition as stating conclusion not error where party had ample opportunity by motion to strike it from deposition.**

Refusal to exclude testimony in deposition of a doctor, that "the growth was found to be irritated, inflamed, and tender, a fibroid tumor; the fall would cause this condition," etc., on ground answer was an opinion and conclusion of witness, and not responsive, held proper where the deposition had been taken, returned, and filed in court months prior to trial, but defendant made no motion to exclude any part of the deposition.

**6. Carriers ⬅347(6)—Evidence held insufficient to raise issue of contributory negligence.**

Evidence that plaintiff had set her grip down in the aisle of defendant's railway car,

and that, when the collision occurred, she fell forward, striking her feet against the grip, held not sufficient to raise the issue of contributory negligence.

**7. Damages ⬅132(4)—Evidence of internal injuries held to support verdict of $3,000.**

Evidence in a personal injury action of internal injuries in the abdomen and stomach of plaintiff held to support verdict of $3,000.

**8. Appeal and error ⬅1062(1)—Submission of issue of negligence, if erroneous, held harmless.**

Where the jury found that the injury to plaintiff passenger while standing in the aisle of defendant's car was proximately caused by the coupling of cars, any error in submitting an issue of negligence in failing to furnish plaintiff a seat was harmless.

Error from District Court, Wood County; J. R. Warren, Judge.

Action by Ida H. Beale against C. E. Schaff, receiver. Judgment for plaintiff, and defendant brings error. Affirmed.

Chas. C. Huff, of Dallas, and McMahon & Dohoney, of Greenville, for plaintiff in error.

Johnson, Edwards & Hughes, of Tyler, for defendant in error.

HODGES, J. This appeal is from a judgment in favor of the defendant in error for $3,000 for personal injuries. The suit is based upon substantially the following facts: In March, 1920, the defendant in error, a colored woman, became a passenger on the plaintiff in error's train, traveling from Dallas to a point north of Denison, Tex. When the train reached Greenville, or Leonard, the car in which the defendant in error was riding became disabled, and had to be taken out of the train. All of the passengers riding in the disabled coach were transferred to a chair car. On account of the insufficient seating capacity of this chair car the defendant in error and a number of other passengers, both white and black, were forced to stand in the aisle. In the same train was a dining car equipped with a number of seats not then being used. In coupling the cars after removing the disabled coach the defendant in error claims that the impact of the engine was made with such violence as to throw her forward against the back or end of a seat, causing internal injuries in the abdomen and stomach and other parts of her body. It appears that she had at that time what the physicians term a "fibroid tumor," in a dormant and painless state, however, which became bruised and inflamed as a result of the injury. She alleges negligence on the part of the railway employees in not furnishing her a seat when there was one available in the dining car, and also charges negligence in making the violent impact when coupling the car.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Special issues were submitted to the jury, and the following are, in substance, the findings upon the questions involved in this appeal: (1) That, by reason of a sudden jerk, jar, and movement of the train on the occasion in question, the plaintiff was thrown upon a seat in the coach, resulting in her injury; (2) that this sudden jar, jerk, and movement of the train was caused by the negligence of the railway employees in their manner of operating and handling the train, and that such negligence was the proximate cause of the injury; (3) that the defendant's employees were also negligent in failing to furnish the plaintiff a seat, and that such negligence was a further proximate cause of her injury; (4) that $3,000 was a reasonable compensation for the injury sustained by the plaintiff.

It is not here contended that the evidence was not sufficient to support a finding of negligence on the part of the railway employees in making the coupling, nor is it insisted that the evidence admitted did not warrant a finding that the defendant in error was injured in the manner alleged. There are numerous assignments relating to the proceeding, but only those appearing more important will be discussed.

Over the objection of the plaintiff in error the defendant in error was permitted to prove by one or more witnesses that her character, habits, and disposition were good; that her reputation for truth, veracity, honesty, and fair dealing was good; that she was a negro who was very polite to white people; that she had done good service as a school teacher, had given no trouble, and was above the average of her class. The objections to this testimony were based upon the ground that it was irrelevant and immaterial, and because no attack upon the character, standing, or reputation of the plaintiff had been made by the defendant. The court qualified the bills of exception as follows:

"In the pleadings, evidence offered and introduced, and manner of conducting the trial defendant's attorneys charged that plaintiff was malingering; that her suit was a scheme concocted to get money unjustly from the railroad company; and a persistent and studied attempt was made to prejudice the minds of the jury against plaintiff because she was a negro, defendant having introduced the testimony of witness Lizzie Gay, who claimed, in substance, that plaintiff was mad because she had to stand up in the aisle of defendant's car on the occasion in question, claiming that plaintiff stated to her that she (plaintiff) was used to being treated like white people. Plaintiff denied making any such statement. Defendant's attorneys persistently, notwithstanding the court had excluded such testimony, attempted to get before the jury the fact of insinuation that plaintiff was on her way at the time in question to a mixed school in Kansas containing both whites and negroes. It was under these circumstances, and for the purpose of allowing plaintiff to rebut these charges, that the court permitted plaintiff to introduce evidence as to her character and reputation for truth and veracity, honesty, and fair dealing, industry, and humbleness toward white people. Moreover, plaintiff's witness S. Tomlin was allowed to testify, without objection by defendant, to the effect that plaintiff was a polite negro to white people."

The pleading referred to in the qualification by the court is as follows:

"Defendant's pleadings alleged substantially that plaintiff had been accustomed to associating with white people, and had been receiving the same courtesies, treatment, and respect shown to white ladies, and that by reason thereof she had, prior to the time of the alleged injury, become highly sensitive in reference to the attention, respect, and treatment she was entitled to receive, and 'from habit and custom she was taught and had come to believe she was entitled to every respect and courtesy shown to white ladies when traveling on passenger trains and elsewhere,' and that by reason thereof she had become resentful of any difference in politeness and attention shown her and the politeness and attention shown to white ladies, and that on the occasion in question there were many white ladies seated in defendant's chair car, and quite a number of white men also seated therein, who retained their seats and did not offer plaintiff a seat on the occasion in question, but allowed her to stand, and, because of the same, and her feelings in this regard at the time in question, plaintiff became indignant because she was not shown the attention and courtesy by those riding in said chair car as was given and shown to white ladies therein, and that because of the same plaintiff became so indignant that she then, on said occasion, and during her said journey, gave expression to such feelings, and threatened to make defendant respond in damages because she was not shown the same courtesy and attention as the white ladies riding in said car, and that the allegations contained in plaintiff's pleadings as to her injuries were an afterthought, inspired by plaintiff's resentment and indignation because she was not shown such courtesies as were shown to white ladies riding in said car, and, in order to carry out her threat and gratify her ill feeling, occasioned as aforesaid, she makes this claim of having sustained injuries, when in fact and in truth she received no injury at such time and place."

[1-3] In support of the objections here made the plaintiff in error refers to that line of authorities which hold that sustaining evidence is not admissible in the absence of some attack upon the character, reputation, or standing of the plaintiff or witness. And investigation of those cases will show that there is no inflexible rule of law regarding the admission of this character of testimony. It would seem that a fair administration of justice requires that some latitude be allowed the trial judge in determining when such evidence should be admitted. There may occur in the course of the trial many small

details calculated to affect the result, but which cannot find a place in the record sent to the appellate court. It is only when it is made to appear from the record that the admission of such evidence probably led to the rendition of an unjust verdict that a case should be reversed upon that ground. The record in this case does not indicate any such result. It is apparent from an inspection of the special answer quoted above that all of the defensive matter therein stated might have been shown under the general denial. It is not unfair to conclude that the detailed statements, contained in the quoted portion of the plaintiff in error's answer, were designed to arouse the race prejudice of the jurors. Just how much of the animus of that answer was injected into the trial of the case the trial judge is the best able to say. While it is true, in a legal sense, a negro passenger has all the rights which a white person may claim from a common carrier, the courts cannot overlook what every one knows to be true, that the white people of the South resent any effort of the colored race at social equality while traveling on trains. The attempt of the plaintiff in error in the pleadings and in the manner of the trial, as stated by the court, could have no other aim than to discredit the defendant in error because she was an offensive negro. We are therefore of the opinion that, under the facts of this case, there was no error in the admission of the evidence, and the assignments which raised that question are overruled. Wells Fargo & Co. v. Benjamin (Tex. Civ. App.) 165 S. W. 120; Texas & Pacific Ry. Co. v. Raney, 86 Tex. 363, 25 S. W. 11; Railway Company v. Craddock (Tex. Civ. App.) 174 S. W. 965; Davis v. Hudson (Tex. Civ. App.) 235 S. W. 1109; Houston Publishing Co. v. Tiernan (Tex. Civ. App.) 171 S. W. 542.

[4] H. L. Muckleroy, a witness for the defendant in error, who testified by deposition, was asked the following question:

"It is claimed by the plaintiff that on or about March 21, 1920, while standing in the aisle of the chair car in a passenger train, she fell with the weight of her body thrown against a seat or chair in the car, the same striking her abdomen and other parts of her body. State whether you found any indication of such a fall or lick on or in her body or her abdomen or any of her organs. If so, state and describe fully just what you found or saw, and what effect, if any, the same had or was calculated to have, in your opinion, upon her body, her abdomen, organs, and her general health."

He gave the following answer:

"Yes; there was evidence of a blow of some kind on her abdomen—the lower part; a dark, bluish spot, with all the evidence of ecchymosis, or bruised blood; the skin not broken, however. This condition could have been caused by the blow, and undoubtedly was caused by the blow or fall against the chair in the car."

The plaintiff in error objected to the following portion of the answer:

"This condition could have been caused by the blow, and undoubtedly was caused by the blow or fall against the chair in the car."

The court excluded the latter portion of the answer, "or fall against the chair in the car." The answer remaining was not subject to the objection when read in connection with the interrogatory.

[5] This witness was also permitted to testify, over the objection of the plaintiff in error, as follows:

"The growth was found to be irritated, inflamed, and tender—a fibroid tumor. The fall would cause this condition," etc.

This was objected to upon the ground that it was the opinion and conclusion of the witness, voluntarily stated, not in response to any interrogatory, and based upon hearsay. The court allowed the bills of exception with the qualification that the deposition of this witness had been taken, returned, and filed in court months prior to the trial, and that defendant had made no motion in writing to suppress or exclude any part of the depositions or answers of the witness. We think the qualification justified the action of the court in refusing to sustain the objections.

There are numerous other objections to testimony admitted of a similar kind, which have been considered, but will not be discussed, for the reason that they present no special reasons which entitled them to any further notice.

[6] Plaintiff in error also complains of the refusal of the court to submit the issue of contributory negligence. The evidence tends to show that the defendant in error had set her grip down in the aisle, and that, when the collision occurred, she fell forward, striking her feet against the grip. We do not think that evidence was sufficient to raise the issue of contributory negligence.

[7] The testimony regarding the manner in which the coupling was made was conflicting. If the testimony offered by the defendant in error is true the verdict of the jury is amply supported. The same may also be said regarding the extent of her injuries; and for that reason we cannot say that the allowance is excessive.

[8] It is claimed that the court erred in submitting the issue of negligence in failing to furnish the defendant in error a seat. We may concede that proposition to be correct, but the finding of the jury that negligence in making the coupling was a proximate cause of the injury justified the court in rendering the judgment he did, regardless of the error complained of, if it be error.

The proposition that there was a fundamental error on the part of the court in per-

mitting a recovery for injuries not pleaded is not sustained by the record.

The judgment will be affirmed.