## ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS v. BRYANT. (No. 2689.)

(Court of Civil Appeals of Texas. Texarkana.
April 20, 1923. Rehearing Denied
May 24, 1923.)

**1. Master and servant ⚖=111(1) — Duty to provide handholds on cars absolute.**

Both U. S. Comp. St. § 8618 and Rev. St. Tex. art. 6713, impose absolute liability for the failure of railway companies to provide sufficient and secure grabirons, or handholds, on cars requiring same, and a high box car is such a car.

**2. Appeal and error ⚖=1050(1) — Admission of evidence harmless where same evidence admitted.**

The admission of evidence is not reversible error where evidence to the same effect is admitted without objection.

**3. Witnesses ⚖=318 — Evidence of party's general reputation for honesty not generally admitted.**

Evidence of the general reputation of a party to a suit for honesty is not admissible unless the suit, the cause of action or defense, is such as to put the character of the party for honesty directly in issue.

On Rehearing.

**4. Witnesses ⚖=318 — In personal injury suit, evidence as to plaintiff's general moral character for honesty held not admissible under pleadings.**

In personal injury action, where the defendant pleaded only a general denial, and offered evidence only that the condition alleged as negligence did not exist, that plaintiff did not fall as a result of such condition, or did not fall at all, or that if he fell he sustained no personal injuries, or that if he did receive injuries they were not of the nature or severity alleged, and that plaintiff's maladies claimed to have resulted from injuries received in the fall did not so originate, but resulted from previous diseases of plaintiff, there was no such attack on plaintiff's character as to render admissible evidence of his moral character as to honesty.

Appeal from District Court, Bowie County; Hugh Carney, Judge.

Action by L. E. Bryant against the St. Louis Southwestern Railway Company of Texas. From judgment for plaintiff, defendant appeals. Reversed and remanded.

The appellee brought the suit to recover damages for personal injuries received by him on December 18, 1920, at about two o'clock a. m., while engaged in the performance of his duties as a switchman in the yard of appellant at Texarkana, Tex. The appellee was engaged, with others of the yard crew, in taking cars loaded with freight to a certain regular track, to be incorporated in out-

bound trains. Some of the cars were loaded with intrastate, and some with interstate freight. Appellee in the course of his duties rode on the top of one of the cars being switched, in order to set the brakes and stop the cars at the point desired. After setting the brakes and stopping the cars to be left on that track, the appellee started to descend from the top of a large box car, an A. T. & S. F. Railway Company furniture car carrying interstate freight. The appellee had his lantern in his left hand. In order to descend from the car, the appellee held the grabiron, or handhold, on the top of the car with his right hand placed his left knee on the top of the car and his right foot on the first round of the ladder on the side of the car. As soon as appellee raised his left knee from the top of the car to place it on the second round of the ladder, the grabiron, or handhold, on the top of the car came entirely loose from the plank to which it was fastened, causing the appellee to fall. The plank roof of the car to which the handhold or grabiron, was fastened was in a worn and decayed condition. The railway company was a common carrier engaged in both interstate and intrastate commerce, and the terminal yards at Texarkana were constantly used in making up and handling cars containing interstate freight, cars containing intrastate freight, and interstate passenger cars. There was much evidence offered by both the appellant and the appellee on the issue of liability, as well as the extent of the injury. The appellee sought to recover (1) because the appellant had violated the safety appliance laws of the United States; (2) because the appellant had violated the safety appliance laws of Texas; and (3) because the appellant had been guilty of such negligence as gave the appellee a cause of action against it under the common law. The appellant answered by general denial. The case was tried before a jury, and their verdict was in favor of the appellee.

King, Mahaffey & Wheeler, of Texarkana, for appellant.

Jones, Sexton & Jones, of Marshall, and Keeney & Dalby, of Texarkana, for appellee.

LEVY, J. (after stating the facts as above). [1] The appellant objected to the following portion of the court's charge:

"You are instructed that it is the duty of railway companies. engaged as common carriers in commerce, to provide sufficient and secure grabirons and handholds on their cars for the use of their employees to climb thereon or therefrom."

The objections to the charge are that (1) it does not say whether the "commerce" is interstate or intrastate; (2) it does not authorize the jury to find whether or not the car was in fact one "requiring" the railway company

to equip it with a secure ladder and handhold; and (3) it imposes absolute duty on the railway company to provide sufficient and secure grabirons and handholds on cars. The federal and the state statutes both impose absolute liability for the failure on the part of railway companies to provide sufficient and secure grabirons or handholds on cars requiring same. Section 8618, U. S. Comp. Stat. (the act in force at the time of injury); article 6713, Rev. Stat. of Texas. And a box car, as shown here is evidently within contemplation of the law a car "requiring" a ladder and handhold on the roof for the proper and safe use of employees in operating the car. It was shown without dispute that the car from which appellee claims to have fallen was a high box car.

[2] Appellee on cross-examination proved, over the objection of appellant, by Dr. Kosminsky and Dr. Smith, the medical regulations of the army in 1918, and the method and care used in their enforcement as applied, especially to cooks and details to the kitchen. If the evidence was incompetent it cannot, as viewed in this record, be held as reversible error, because Dr. Read testified to the same point and effect without any objection thereto.

[3] Over the objection of appellant several witnesses were permitted to state that they knew the general reputation of appellee in the community where he lives "for honesty and fair dealing," and "that reputation was good." It is the settled rule in this state that, in a civil action, evidence of the general reputation of a party to a suit "for honesty" is not admissible unless the suit, the cause of action, or defense, is such as to put the character the party for honesty directly in issue. Kennedy v. Upshaw, 66 Tex. 442, 1 S. W. 308; Roach v. Crume (Tex. Civ. App.) 41 S. W. 86. For instance, honesty is relevant and an issue in suits involving conversion, embezzlement of money, and the like. Cudlipp v. Export Co. (Tex. Civ. App.) 149 S. W. 444; Mullinax v. Pyron, 58 Tex. Civ. App. 253, 123 S. W. 1139. In such character of cases the party is charged with doing an act involving moral turpitude which is endeavored to be fastened upon him by circumstantial evidence or by testimony of witnesses, and he may introduce proof of his former good character for honesty and integrity to rebut the presumption of guilt arising from such evidence. But where the proceedings pertain solely to credibility, as to whether or not the testimony of a party to the suit has been fabricated or recourse had to falsehood, then the party may introduce and would be confined to his general reputation for truth. As stated in Boon v. Weathered's Adm'r, 23 Tex. 675:

"When a man's honesty, * * * his correctness in business transactions, is in question, his veracity is not in question. When his veracity is in question, one cares not to know whether he be of a peaceable, or of a quarrelsome disposition. If the question is concerning honesty, the inquiry should be concerning honesty. If the question be one of veracity, the inquiry should be directed to the point at issue."

It has been held that where there is evidence offered tending to show that the plaintiff was malingering, or feigning, injury for the sole purpose of securing damages, such evidence contains such an implication of fraud as to admit evidence of general reputation for truth and veracity. Wells Fargo & Co. v. Benjamin (Tex. Civ. App.) 165 S. W. 120; Id., 107 Tex. 331, 179 S. W. 513. But that case does not hold that general reputation for "honesty" was admissible on the ground of feigning injury or malingering. The decided weight of authority is that general reputation for "honesty" is inadmissible unless the suit or the defense charges a specific fraud amounting to a gross fraud or depravity. In the instant case the plaintiff was suing for personal injuries. The evidence offered by the defense was to the point and extent that the physical condition of the plaintiff cannot be fairly ascribed to the fall from the box car because for some time before the fall from the car he was suffering from a severe venereal disease; that his present condition was due partially, if not entirely, to the ravages of the disease. Plaintiff himself admitted that in "August, 1917" he had an affection described as "a charcroid." There is relevancy and materiality in all the evidence, if true. There is no attack on the character with respect to "honesty and fair dealing." Upon the denial by the plaintiff of such facts being true, there is involved only the issue of credible evidence. And testimony of the car inspector could not be reasonably construed as, in effect, attacking the reputation of the plaintiff for "honesty." The inspector was testifying to such physical facts as he claimed he found existing the next morning after the alleged injury. If the physical facts the inspector claims to have found on the car differ from the facts the plaintiff claimed to have existed, there exists merely a difference of evidence, which is a question solely of credibility for the jury.

The appellee insists that the case of Railway Co. v. Johnson (Tex. Civ. App.) 159 S. W. 406, determines the question. In that case, we think, the one question was decided that under the facts of the case proof of general reputation was admissible and not inadmissible. The case did not conflict with nor change the ruling in the case of Kennedy v. Upshaw, supra.

The judgment is reversed, and the cause is remanded for another trial.

## On Rehearing.

[4] The ruling made in the original opinion as to general moral character for "hon-

esty and fair dealing" is founded upon the established rule' that unless the pleadings or testimony introduced constitutes an attack upon the character of a party to the suit (whether plaintiff or defendant) for "honesty," such party to the suit cannot offer testimony sustaining his general moral character "for honesty." The rule is not modified by the cases cited, and it is not necessary to discuss all of them. In the case of Sheppard v. Love (Tex. Civ. App.) 71 S. W. 67, especially noted, the court said:

"Appellees introduced testimony which constituted an attack upon the character of the witness for truth and honesty, and testimony supporting his character was competent."

The opinion does not set out the "testimony" referred to. And in the case of Schaff, receiver, v. Ida H. Beale, 250 S. W. 757, decided by this court, the defendant's pleadings charged the plaintiff with gross fraud, viz.:

"And that the allegations * * * in plaintiff's pleadings as to her injuries were an afterthought, inspired by plaintiff's resentment and indignation because she was not shown such courtesies as were shown to white ladies riding in said car."

As seen, these two cases as do others, go no further in the ruling than to say that "the evidence" introduced and "the pleadings" constituted such an attack on the character of a party to a suit as to authorize the introduction of sustaining evidence of general character for honesty and fair dealing. It is stated in M., K. & T. Ry. Co. v. Creason, 101 Tex. 335, 107 S. W. 527, that—

"At an early date in the history of this court it was settled that in the impeachment of a witness the inquiry should be confined to his general reputation for truth and that it should not extend to his general moral character." Boon v. Weathered, 23 Tex. 675; Ayres v. Duprey, 27 Tex. 594; Kennedy v. Upshaw, 66 Tex. 452.

In the last case cited, Judge Stayton quoted the rule as above stated from Boon v. Weathered, and said:

" 'This is in accordance with the great weight of authority.' Boon v. Weathered has been fol-lowed by this court in all subsequent decisions and has in no sense been modified in its application to impeachment of witnesses."

In Timmony v. Burns (Tex. Civ. App.) 42 S. W. 133, it is said:

"Evidence of the character or reputation of the parties [plaintiff or defendant] is not relevant in civil cases unless the nature of the action is such that general character is involved."

In the instant case the defendant filed only a general denial, and there was no evidence offered constituting an attack on the character of the appellee. Under the general denial the defendant had the legal right, and without constitution an attack on the character of the appellee for honesty, to offer evidence to prove: (1) That the condition of the grabiron was not that alleged by the appellee: and (2) that the appellee did not fall as result of its condition; or (3) that appellee did not fall at all; or (4) that if appellee felt he received no personal injuries; or (5) that if appellee did receive injuries they were not of the nature or severity alleged; and (6) that the physical maladies claimed by appellee to be the result of injuries received in the fall did not, in fact, have their origin in the fall, but resulted from other causes such as diseases which the appellee had before the fall. Any evidence of this nature was legal and admissible as bearing directly on the issues raised by the pleadings and did not constitute an attack upon the character of the appellee for "honesty." Necessarily the appellee's evidence as to the extent of his injuries, and as to whether the physical ills and suffering claimed by him were the result of injuries due to a fall from the car, was, at last, but the expression of his opinion.

The special charge requested by appellant and given by the court was not permissible, and should not have been given. The giving of that charge, though, does not make harmless the error respecting the introduction of the sustaining evidence of general moral character. That error is to be measured by the pleadings and evidence offered and not by a subsequent charge invited through the admission of evidence objected to as illegal.

The motion is denied.