**WACO MUT. LIFE & ACCIDENT ASS'N v. HAFFERKAMP. (No. 485.)**

Court of Civil Appeals of Texas. Waco.
March 17, 1927.

1. Insurance ⊙�ള665(3)—Finding that insured's answer relating to his health was true held sustained by evidence in suit on life policy.

In suit on life insurance policy issued by mutual aid association, evidence *held* to sustain jury's finding that insured's answer to question in application relating to his health was true.

2. Insurance ⊙�ള665(3)—That insured's application to another insurer was rejected for ill health held not evidence of ill health when applying for insurance a year later.

In suit on life policy where association claimed that insured fraudulently misrepresented condition of his health, excluding testimony that witness as president of another insurer rejected application for insurance a year prior to application to defendant, *held* not error; such rejection not being evidence that insured was in ill health when applying to defendant.

3. Insurance ⊙�ള655(2)—Where insurer claimed fraud respecting health in obtaining life policy, testimony that insurer solicited policy held admissible.

In suit on life policy issued by mutual aid association, where association claimed that insured fraudulently misrepresented the condition of his health, testimony that witnesses, as agents for association, solicited insured to take a policy, *held* admissible to show that insured was not acting fraudulently.

4. Evidence ⊙⟨106(2)—Where insurer claimed fraud in obtaining life policy, testimony that insured's reputation for honesty was good held admissible.

In suit on life policy issued by mutual aid association, where association claimed that insured obtained policy by fraudulently misrepresenting condition of his health, testimony that insured's reputation for honesty and fair dealing was good *held* admissible.

5. Evidence ⊙⟨106(2)—Where pleadings attack party's reputation for honesty, testimony to show falsity of allegations is admissible.

Where a party's reputation for honesty and fair dealing is attacked by pleadings and his reputation is thereby put in controversy, testimony to show the falsity of the allegations is admissible.

6. Appeal and error ⊙⟨1050(1)—In suit on life policy with defense of fraud respecting health, testimony that doctor told insured that he could cure him held harmless.

In suit on life policy issued by mutual aid association in 1924, testimony that doctor told insured in 1923, if he would take medicine prescribed by him regularly, that he could cure him, if error, *held* harmless in view of further testimony.

Appeal from District Court, Falls County; Prentice Oltorf, Judge.

Suit by Mrs. Minnie Hafferkamp against the Waco Mutual Life & Accident Association. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Frank Oltorf, of Marlin, for appellant.
Bartlett, Carter & Rice, of Marlin, for appellee.

BARCUS, J. This suit was instituted by appellee to recover from appellant the amount due on a life insurance policy which had been issued by appellant on the life of Fritz Hafferkamp, the husband of appellee. The cause

---

was tried to a jury, submitted on special issues, and based on the findings of the jury and additional findings by the court, judgment was entered for appellee for $706.

[1] The record shows that on September 11, 1924, appellant, a mutual aid insurance association, issued a policy to Fritz Hafferkamp, under the terms of which it agreed to pay upon his death $1 for each member in good standing, not to exceed $1,000. On September 23, 1925, he died, and at that time appellant had 706 members in good standing in the association. Appellant contends that appellee was not entitled to recover because of false and fraudulent statements made by Fritz Hafferkamp at the time he made application for membership in the association. It alleged that in the application for membership he was asked if he had any disease from which he had not fully recovered, to which he answered "No," and was further asked as to whether he was in perfect health at the time he made the application, to which he answered "Yes." Appellant contends that each of said answers was false and fraudulently made. The application which was made for the insurance and on which the policy was based contained the above questions with said answers, and at the close of the application was this certificate, which was signed by Fritz Hafferkamp:

"I hereby certify that these answers are true to the best of my knowledge."

The jury found that the answers to the above two questions were true. Appellant contends that the evidence does not support the jury's findings. We overrule this assignment. The testimony shows that in the summer of 1923 Fritz Hafferkamp went to the Torbett sanitarium in Marlin, and was there told by the doctors that he had diabetes millitus; that he was put on a strict diet and was under their surveillance for several months. The evidence shows that in the fall of 1923 he quit taking the medicine of the doctors, and from that time until his death about two years later never took any medicine. In the fall of 1923 he weighed about 125 pounds, and during that winter and spring he gained in weight and weighed from 140 to 145 pounds. He worked constantly during the fall of 1923 and 1924 at the gin and during the year did work as a farmer, and during the entire two years, according to the witnesses, was never sick, never made any complaint, and appeared to be in perfect health, and was sick only three or four days before he died. There is no evidence of the immediate cause of his death. At the time he made application for the insurance policy in September, 1924, according to the witnesses, he appeared to be in perfect health. We think the evidence is sufficient to support the jury's findings on said issues.

[2] Appellant complains of the action of the trial court in refusing to permit the witness Hunt to testify, in effect, that he, as president of another mutual life insurance company, had rejected Fritz Hafferkamp's application for insurance in the fall of 1923. We overrule this assignment. The record shows that Mr. Hunt testified that Hafferkamp made application for an insurance policy in December, 1923, and that he told him he could not issue him the policy because he had been told by Dr. Smith that he (Hafferkamp) was suffering with diabetes. We are further of the opinion that the fact that one insurance company a year before the policy was issued rejected the applicant would not be any evidence to show that the applicant was or was not in good health either at that time or a year later when he made application for a policy with appellant. The mere rejection of an application, without a statement of the reasons therefor, would not tend in any way to throw light on the condition of the applicant's health.

[3] Appellant complains of the action of the trial court in permitting two witnesses by the name of Smith to testify that they, as agents for appellant, solicited Hafferkamp to take a policy in the company. We do not think there was any error in the court's action in admitting this testimony. Appellant in its answer had alleged that Hafferkamp had made fraudulent representations in order to get a policy of insurance, and this testimony was admissible to rebut said defense, and tended to show that the applicant was not acting fraudulently, in that he was solicited to take insurance in the company, and that he himself did not in any way seek the insurance until he was solicited.

[4, 5] Appellant complains of the action of the trial court in permitting two witnesses to testify that Fritz Hafferkamp's reputation for honesty and fair dealing was good. We overrule this assignment. The rule seems to be well established in this state that, where a party's reputation for honesty and fair dealing is attacked by the pleadings, and his reputation is thereby put in controversy, it is permissible to offer testimony to show said allegations are untrue. Fire Association v. Jones (Tex. Civ. App.) 40 S. W. 44; Cudlipp v. Cummings Export Co. (Tex. Civ. App.) 149 S. W. 444; Mullinax v. Pyron, 58 Tex. Civ. App. 253, 123 S. W. 1139; Irvin v. Johnson (Tex. Civ. App.) 170 S. W. 1059.

[6] Appellants complain of the action of the trial court in permitting Mrs. Hafferkamp to testify that at the time her husband first consulted with Dr. Torbett in the summer of 1923, Dr. Torbett told him "if he would take the medicine prescribed by the doctor regularly that he could cure him." The statement of facts shows that Mrs.

Hafferkamp testified that Dr. Torbett told her husband in her presence that "if he would take his medicine regularly he could cure him." In the same connection she testified: "After November, 1923, my husband did not take Dr. Torbett's medicine; he stopped taking the treatment in November, 1923; at that time he weighed 125 pounds." She further testified that after he stopped taking the medicine he gained in weight and got apparently well, and was not sick a day until three or four days before he died two years later. We do not think this was such error, if any, as would authorize the case to be reversed. The effect of the statement of the doctor was that in his opinion he could cure him if he would take his medicine and that he would not get well if he did not. The witness testified that her husband did not take the doctor's medicine and did not follow his instructions. We fail to see how appellant could be in any way harmed or injured by this testimony.

We have examined all of appellant's assignments of error, and same are overruled. The judgment of the trial court is affirmed.