THE TEXAS & PACIFIC RAILWAY COMPANY v. CALVIN RANEY.

No. 82.

1. **Witness—Party can not Prove Good Character of Witness Unless it is Attacked.**

Contradiction between witnesses in their testimony given upon the trial of a cause does not authorize the introduction of testimony to sustain the contradicted witness by proof of general good character for truth and veracity. The witness must be attacked before corroboration by evidence of good character........................................ 365

2. **Attack Upon Witness.**

The defendant, on cross-examination of the plaintiff, called out matter irrelevant to the issues being tried, as to who dressed the plaintiff's injured arm, and proceeded to make an issue whether plaintiff or the doctor had written the receipt for pay for the service. This constituted an attack upon the character of the plaintiff for truth, as well as for honesty, and the evidence tended to impeach his character for truth. In such case it was competent to allow supporting testimony of good character.............................................. 367

3. **Assignment of Error—Sufficient Evidence.**

An assignment of error that there was no evidence to support the verdict does not question the sufficiency of the evidence, but only whether there is any such testimony. That the court on appeal would reach another conclusion is not ground for setting the verdict aside........ 367

ERROR to Court of Civil Appeals for Second District, in an appeal from Parker County.

Justice STEPHENS, being disqualified, did not sit in the case in Court of Civil Appeals.

*B. G. Bidwell*, for plaintiff in error.—1. The court erred in overruling defendant's objection to evidence offered by plaintiff, showing his reputation for truth and veracity to be good, when no attack had been made

on it by defendant.  1 Greenl. on Ev., sec. 469; 1 Whart. on Ev., sec. 569; 78 Mo., 327; 79 Mo., 113.

2. The assignment of errors discussed at close of opinion is here given, with proposition: " The court erred in not granting defendant a new trial, because there is no evidence to support the verdict, and it could not have been rendered by an impartial jury, which is one of the grounds for a new trial in defendant's motion therefor."

Before plaintiff can recover in this case he must establish by proof negligence of the defendant, which directly and proximately contributed to his injury.  The evidence should disclose the negligence or facts from which it can reasonably be inferred, and the injury must be the natural and probable result of the negligence complained of.

*Lanham & Stephens*, for defendant in error. — An attack by appellant was made on the character of appellee for truth, by the proof, or attempted proof, of particularly discrediting facts and circumstances, appellee being in the situation of a stranger testifying to isolated facts, and therefore the court did not err in allowing testimony by cross-examination of appellant's witness to sustain the character for truth of appellee. Whatever fairly puts character for truth in issue, even indirectly, is sufficient.   Burrell v. The State, 18 Texas, 730;  George v. Pilcher, 28 Gratt., 311–319, and cases there cited; Law of Ev., sec. 223; 1 Whart. on Ev., sec. 569, and cases cited.

There is no assignment of error presented to this court by appellant which will authorize a review of the evidence to determine whether it is sufficient to support the verdict.  This objection is urged above to the assignment that there is no evidence to support the verdict.

BROWN, Associate Justice.—Calvin Raney recovered, in the District Court of Parker County, a judgment against the Texas & Pacific Railway Company for injuries alleged to have been inflicted upon him through the negligence of defendant while he was in its employ as section foreman.   The railway company appealed, and the judgment was affirmed by the Court of Civil Appeals.

The first assignment of error presented for our consideration is as follows: " The court erred in overruling defendant's objection to evidence offered by plaintiff showing his reputation for truth and veracity to be good, when no attack had been made on it by defendant."

Counsel for defendant in error object to the consideration of the assignment by this court, because the bill of exceptions does not show that the character of the witness had not been attacked.   We are referred to the case of Hardin v. Sparks, 70 Texas, 432, 433.   In the case cited the question was as to whether the witness was qualified to testify as an expert, and involved the production of evidence to the court, and not to

the jury. Such evidence need not necessarily be in the statement of facts. The court held, that it would presume that the judge of the trial court had done his duty, and unless the bill of exceptions or some paper in the case showed to the contrary, the question would not be considered. In this case the evidence impeaching the character of the witness for truth and veracity, if given, was addressed to the jury, and should be in the statement of facts. This court will look to the statement of facts to ascertain whether the exception was well taken or not. The bill of exceptions is sufficient.

The defendant took the deposition of Frank Young, and the plaintiff filed the following cross-interrogatory to Young: "Are you or not acquainted with the character of the plaintiff in the community in which he lived when you knew him, for truth and veracity? If you say you are acquainted with it, then please state whether it is good or bad." To which question the witness answered, "Yes; it is good." After the defendant had closed its testimony, the plaintiff offered to read to the jury the foregoing question; to which the defendant objected, for the reason as stated in the first assignment copied above. The objection was overruled, and the question and answer read to the jury.

Plaintiff lived in Eastland County, the trial being had in Parker County. Plaintiff introduced no witness to prove the facts upon which he sought to recover except himself, stating that no one was present except two Mexicans, who could not speak English, and whom he could not find. He was contradicted by a number of witnesses as to facts about which he testified, and defendant cross-examined him rigidly, drawing out, among other things, the statement that his arm had been dressed by a Dr. McReynolds, to whom he paid $5 and took his receipt, which was produced in court. The defendant offered the receipt in evidence in connection with the bond for cost, which the plaintiff had signed, for the purpose of enabling the jury, by comparison of the writing, to determine whether or not the plaintiff did not write the receipt himself.

Contradiction between witnesses in their testimony given upon the trial of a cause does not authorize the introduction of testimony to sustain the contradicted witness by proof of general character for truth and veracity. 1 Whart. on Ev., sec. 569; 1 Greenl. on Ev., sec. 469; Bishop of Durham v. Beaumont, 1 Campb., 207; Leonori v. Bishop, 4 Duer, 420; Russell v. Coffin, 8 Pick., 153; Stark v. The People, 5 Denio, 30; Pruitt v. Cox, 21 Ind., 16; Fitzgerald v. Goff, 99 Ind., 33; Tendens v. Schumer, 112 Ill., 267; Railway v. Williams, 54 Ala., 172; Wertz v. May, 21 Pa. St., 279; Atwood v. Dearborn, 1 All., 483.

It is held by the following cases, that the fact that a witness is contradicted by witnesses for the opposite party authorizes the introduction of other witnesses to sustain the character for truth of the witness whose testimony is so contradicted: Isler v. Dewey, 7 N. C., 14; Merriam v.

Railway, 20 Conn., 354; Davis v. The State, 38 Md., 15; George ·v. Pilcher, 28 Gratt., 311; Newton v. Jackson, 23 Ala., 335.

Some of the cases cited couple with it the further proposition, that the witness must be a stranger in the place where the trial is had. In the case of Davis v. The State, 38 Maryland, supra, two of the judges dissent, and deny that the rule adopted by the court is the correct one, citing Vernon v. Tucker, 30 Maryland.

In the case of Merriam v. Hartford Railway Company, supra, the court state the rule announced here as the general rule; but also say, that the court of that State has adopted an exception, to the effect that when a witness is a stranger and is contradicted, his testimony may be sustained by proof of his character for truth.

The fact that a witness is a stranger or well known will not influence the determination of the right to support his evidence when impeached or attempted to be impeached. Every witness is presumed to be truthful until the contrary is proved. Contrary to all rules on the question, the doctrine invoked in this case would allow a party to make an issue on his own witness' character, and proceed to defend it before it has been assailed.

In Mobile Railway Company v. Williams, 54 Alabama, supra, speaking upon the question, the court said: "Such conflicts often arise in the course of trials before juries, and must be settled by a careful consideration of the evidence of each witness—the consistency of his testimony, his general demeanor, and the interest or feeling he may have involved. They furnish no ground for admitting evidence as to character; if they did, trials would be indefinitely prolonged, and the real issues on which the jury should pass embarrassed and lost sight of in the consideration of mere collateral matter."

This statement is clear and to the point. It puts the matter in its true light, with the evil consequences to flow from such a departure from the well established rules of the law. If plaintiff had the right to sustain himself because he was contradicted, so had the defendant the right, in the same manner, to sustain the character of each witness that plaintiff contradicted. If his being a stranger controls in the matter, then defendant could have introduced evidence as to the character of the witnesses whose depositions it took, and thus the case would have been converted into one of investigation of character, with as many issues as there were witnesses.

In Vernon v. Tucker, 30 Maryland, 462, the court announces this rule: "Where the character of the witness is impeached by matter brought out on the cross-examination, or by evidence aliunde as to character, the witness may be sustained by evidence of good character; but it must in either case amount to an impeachment of the character of the witness for truth."

It is strange that the same judge should have delivered the opinion in this case and in Davis v. The State, but it is a fact, and in that State would be considered overruled. We cite it for the sound doctrine announced. It is a concise statement of a correct rule of evidence.

Under the rule above stated, we hold, that when the defendant called out on cross-examination of the plaintiff matter irrelevant to the issues being tried—that is, as to who dressed his arm—and then proceeded to make an issue as to whether or not the plaintiff did not write the receipt that he claimed to have been written by McReynolds, defendant made an attack upon the character of plaintiff for truth as well as for honesty, and the evidence was intended to impeach his character for truth. Under this evidence the court did not err in admitting the sustaining evidence as to plaintiff's character, and the Court of Civil Appeals did not err in refusing to sustain the assignment of error.

We do not understand the case of Phillips v. The State, 19 Texas Criminal Appeals, 158, as holding contrary to the ruling herein. It is true, that in that case it is said that the witness was a stranger; but it is said that the State impeached the witness on cross-examination, and we suppose that it amounted to an attack upon his character for truth and veracity.

We have carefully examined the assignments of error by which plaintiff in error complains of the refusal to give instructions asked by it and of instructions given by the court; we find no substantial error in the charge given, which presented to the jury the issues of the case arising upon the evidence in a clear manner; nor was there error in refusing those requested.

The last assignment, which asserts that there was no evidence before the jury upon which the verdict could be based, does not call upon us to decide whether or not the evidence is sufficient to sustain the verdict of the jury; but this court is confined to the question, was there any evidence from which the verdict might have been arrived at? We can not say that there was no evidence sufficient to submit to the jury the question of negligence on the part of the defendant. If there is error in this particular, it is not of a character that this court can revise.

We feel constrained to say, however, that we could not have reached the same conclusion arrived at by the jury, based upon the improbable story of the plaintiff as to the manner in which the injury occurred.

There being no error in the judgment of the District Court and Court of Civil Appeals, it is ordered that the judgments of said courts be affirmed.

*Affirmed.*

Delivered January 29, 1894.