STATE v. W. R. EDMONDS.

*Indictment for Removing Division Fence—State Law.*

Since Chapter 219, Acts of 1885, makes it unlawful for any live stock to run at large in Buncombe county, and provides for a stock law requiring the erection of an outside fence around the county by the Board of Commissioners, it is no offence for a land owner of that county to remove his part of a division fence between his lands and his neighbor's, without regard to his intention to cultivate or make a pasture of his own land.

INDICTMENT under Section 2802 of *The Code*, for removing a division fence without notice, &c., tried before *Ewart, J.*, and a jury at January Term, 1897, of the Criminal Court of BUNCOMBE county. The defendant was convicted and appealed.

*Mr. Zeb V. Walser, Attorney General,* for the State.
*Mr. Alfred S. Barnard,* for defendant (appellant).

FAIRCLOTH, C. J.: This indictment is for removing a division fence between the defendant and the prosecuting witness, which had existed for several years, and was alleged to have been removed without notice to the owner of the other half of the fence, contrary to the provisions of *The Code*, Section 2802. The case was tried, exceptions to the charge made, and the jury rendered a verdict of guilty. We take a view of this case which relieves us from considering any of the exceptions, motions or alleged defects in the bill of indictment. The Act of 1885, Chapter 219, declares it to be unlawful for any live stock to run at large in Buncombe county and forbids any person to permit any of his live stock to enter upon the lands of another without leave from the owner. The Act fully provides the machinery for establishing in said county what is known as a "stock law" requiring an outside fence to be erected around the county by the Board of County Commissioners. Under this Act

defendant certainly could dispense with his outside fence, and we see no advantage to either party to keep up a division fence as required by Chapter 20 of *The Code*. This being so, the defendant committed no offence in pulling down and removing his part of the fence, without any regard to his intention to cultivate or pasture his own land. This action must be dismissed. Judgment reversed.

Reversed.