J. C. MARCOM, Administrator of A. S. Pollard v. J. Q. ADAMS.

(Decided March 8, 1898.)

*Trial—Improper Remarks of Trial Judge—Evidence— Recital in Deed—Character of Defendant.*

1. Where, on the trial of an action, the plaintiff objected to the defendant's showing that the recital of payment in a deed introduced by himself was untrue, the trial Judge remarked to defendant's

MARCOM *v.* ADAMS.

counsel, "The plaintiff seems to have put you in a hole. I would be glad to help you if I could;" *Held*, that such remark was objectional under Section 413 of *The Code*, forbidding any expression upon the weight of the evidence.

2. The acknowledgment in a deed of the payment of the purchase money, not being contractual but only a receipt, is only *prima facie* evidence and evidence to contradict it may be offered by a party introducing the deed.

3. Where a defendant in an action has neither been examined as a witness nor his character has been called into question by the nature of the action, the plaintiff will not be allowed to impeach his character either generally or by specific charges of criminal or corrupt acts tending to impeach it.

CIVIL ACTION tried at April Term, 1897, of WAKE County Superior Court, before *Adams, J.*, and a jury.

This action was commenced before a Justice of the Peace for the recovery of $12.85. The defendant admitted plaintiff's account and plead a counter claim for five and five-sixteenths acres of land, sold to A. S. Pollard, plaintiff's intestate, at $12.50 per acre, and posts of the value of $1.75. The plaintiff denies counter-claim for land. The case was taken to the Superior Court by appeal from the Justice's judgment.

It was in evidence that the land conveyed to said A. S. Pollard had been bargained for in two tracts, one tract of four acres was bargained to one John Pollard, and a note for fifty dollars was given by said John Pollard to said J. Q. Adams, and that the said John Pollard assigned his right to said land to said A. S. Pollard, no deed having been executed to said John Pollard; and a year or so afterwards the said A. S. Pollard bought five and five-sixteenth acres from said J. Q. Adams, adjoining the four acres sold to John Pollard, and by request of John Pollard, who had paid for the said four acres, a deed was executed to A. S. Pollard, along with the deed for the five and five-six-

teenths acres, making the deed for nine and five-sixteenths acres. It was admitted that the four acre tract had been paid for.

W. R. Brown, a witness for defendant, was asked by defendant, if he had heard A. S. Pollard say anything about the payment of the five and five-sixteenth acres of land.

Objection by the plaintiff, on the ground that it had not been shown that A. S. Pollard had bought any land.

After argument of counsel, defendant put in evidence deed from J. Q. Adams to A. S. Pollard, and repeated the question to witness Brown. Plaintiff objected on the ground that defendant was bound by the recital in the deed and could not contradict his own evidence.

His Honor remarked to counsel for defendant: "The plaintiff seems to have put you in a hole. I would be glad to help you if I could." Defendant excepted to the remark.

The counsel for the plaintiff, on the cross examination of one of defendant's witnesses, asked, "What is character of defendant?" Defendant objected. Objection overruled. Exception. The witness replied, "Some speak well of him and some bad."

Counsel then asked, "Have you not heard that he had committed forgery?" To this defendant objected. Objection overruled. Exception by defendant.

The witness replied that he had heard such a charge against the defendant.

The witness was then asked if he did not know that the defendant had been indicted for forgery?

Objection by defendant.

There was other testimony relating to the non-pay-

ment of the purchase money.   The jury rendered a verdict for the plaintiff and defendant appealed.

*Messrs. Battle & Mordecai*, for plaintiff.
*Mr. J. H. Fleming*, for defendant (appellant).

CLARK, J.:   The plaintiff objected to the defendant's showing that the recital of payment in a deed introduced by himself was untrue.   His Honor remarked to counsel for defendant, "The plaintiff seems to have put you in a hole.   I would be glad to help you if I could." The remark was excepted to by the defendant and was objectionable under the Act of 1796 (now Section 413 of *The Code*) which forbids any expression upon the weight of the evidence.   Besides, the evidence was admissible, for the acknowledgement in a deed of the payment of the purchase money is not contractual but is merely a receipt and therefore only *prima facie* evidence.   *Shaw* v. *Williams*, 100 N. C., 272; *Barbee* v. *Barbee*, 108 N. C., 581, cited with approval in *Cheek* v. *Nall*, 112 N. C., 370.

It was also error to permit evidence of the defendant's character when he had neither been examined as a witness nor his character called in question by the nature of the action.   On that state of facts in a civil case the defendant even will not be allowed to put in evidence his good character.   *Heileg* v. *Dumas*, 65 N. C., 214; *McRae* v. *Lilly*, 23 N. C., 118.   A *fortiori* the plaintiff could not introduce evidence of the defendant's bad character.   In a criminal action in which necessarily the defendant's character is to a certain extent called in question, the defendant can put in evidence of his good character if he wishes, but, when he does not do so,

the State can not offer evidence of his bad character unless he is examined as a witness in his own behalf, in which case the impeaching evidence is only allowed to go to his credibility as a witness and is not allowed otherwise to affect the question of his guilt or innocence. *State* v. *Traylor*, 121 N. C., 674.

The plaintiff was further allowed to ask the witness if he had not "heard that defendant had committed forgery;" also, "if he did not know that the defendant had been indicted for forgery." These questions would have been incompetent even upon the cross examination of a witness put up by the other side to prove the defendant's good character. *State* v. *Bullard*, 100 N. C., 486 and *State* v. *Hairston*, 121 N. C., 579 in which the rules governing the examination of character witnesses are clearly stated and authorities cited.

There are other exceptions but it is unnecessary to consider them as they may not arise on another trial.

Error.