ORANGE COUNTY IRR. CO. et al. v. SANDEFUR. (No. 5.)*

(Court of Civil Appeals of Texas. Beaumont. Oct. 28, 1915. Rehearing Denied Jan. 6, 1916.)

1. TRIAL ⬥═⬤252 — CONTRACT TO IRRIGATE — BREACH—SETTLEMENT — SUBMITTING ISSUE.

Where, in an action against an irrigation company for failure of an agreement to deliver water to plaintiff's rice crop, the evidence refuted the making of an alleged settlement for the damages occasioned by such failure, a charge, submitting the issue whether such settlement had been made, was properly refused.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 505, 596-612; Dec. Dig. ⬥═⬤252.]

2. TRIAL ⬥═⬤355 — IRRIGATION CONTRACT — BREACH—ISSUES—SUBMISSION.

Where, in answer to a submitted issue whether defendant company made such agreement to furnish water through B. and H., or either of them, the jury answered, "B. and H.," such answer was not objectionable because B. was not connected with the company in such a manner as to bind it when the contract was made, where there was evidence that after becoming connected with the company B. tried to carry out the contract for it, and it was undisputed that H. had authority to contract for the company at the time the contract was made.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 846-848; Dec. Dig. ⬥═⬤355.]

Appeal from District Court, Orange County; A. E. Davis, Judge.

Action by E. E. Sandefur against the Orange County Irrigation Company and another. Judgment for plaintiff, and defendants appeal. Affirmed.

Bisland & Bruce, of Orange, for appellants. T. C. Ford, of Houston, and Smith, Crawford & Sonfield, of Beaumont, for appellee.

MIDDLEBROOK, J. This is a suit for damages for alleged failure of the appellant irrigation company and W. H. Stark, from whom appellee rented land to plant in rice, appellee alleging that he contracted with W. H. Stark for the land for the year 1912, by the terms of which agreement W. H. Stark was to furnish water and fertilizer and was to receive in return one-half of the rice grown on the land. At the time appellee was negotiating with W. H. Stark the Orange County Irrigation Company did not have its irrigating canal constructed to the land appellee was negotiating for; and he went to Dr. E. W. Brown, who he thought was an officer of the company and the proper party to see, and negotiated with him as to this water for his rice crop. The evidence is not conclusive that Dr. Brown was so connected with the company at the time of the conversation with appellee that he could bind the company. Appellee testified that he also saw John W. Hart about the matter before he would close the rent contract with W. H.

Stark for the land. The evidence is conclusive that John W. Hart was such an officer of appellant company that his acts and agreement would bind the company.

Appellee, Sandefur, testified, in substance, that both Dr. Brown and Mr. Hart told him to go ahead and rent the land, and the irrigation company would furnish sufficient water in time to water his rice crop; and, relying on this promise, he rented the land, and moved from Jefferson county to Orange county, properly prepared the land, planted it with first-class seed rice, secured a good stand of rice, and properly handled and cultivated the rice; but, on account of not being furnished with a sufficient amount of water at the proper time, his crop was so damaged that he made only 1,106 sacks of rice; and that he would have made five or six times as much if he had been furnished sufficient water at the proper time to properly water his rice crop. There were other witnesses who testified substantially to the same facts as to the lack of water, both appellant's and appellee's witnesses so testifying, and they estimated that the crop would have made three to five times as much, if it had received sufficient water at the proper time. The jury in answer to special issue as to the difference in the amount of the yield, answered that the land would have made an average of 10 sacks per acre had it received sufficient water. thereby finding that the crop would have made about three times as much rice if it had received proper water as it did actually make. Appellant irrigation company denied any contract with appellee to furnish water for his crop. It also pleaded a settlement with Sandefur. It further pleaded that Sandefur knew that the irrigation canal was not constructed to the premises appellee was seeking to rent at the time he rented the same, and therefore he took the risk of water being gotten to him, and the facts show that the canal was not constructed to the land rented by Sandefur at the time he rented it.

The alleged settlement, according to the undisputed evidence, was as follows: Dr. Brown was appointed by the appellant company to settle the damages with Mr. Sandefur, and he, Brown, proposed to Mr. Stark that he, Stark, take out of the crop of rice what he was actually out for his expenses, about $400 or $500, and let Sandefur have the balance of the rice and the irrigation company take nothing for the water it did furnish. Mr. Stark agreed to this; but Dr. Brown says:

"I am not sure whether Mr. Sandefur said that he would accede to that or not, but he said he would consult his wife or lawyer."

It was also understood, if Sandefur accepted the proposition, he was to draw all of the money out of the bank which represented Mr. Stark's interest of the rice, after incidental expenses had been paid. Sandefur said he

---

would not accept the offer, and his actions show clearly that he did not, nor did Mr. Stark. At the time this conversation as to a settlement was going on, the rice crop had been sold and the funds deposited in the bank, and Mr. Stark's share of the funds was $1,409.67. Appellant contends that the understanding was that if Sandefur accepted the proposition of agreed settlement, that he would draw all of said money out of the bank except $400 or $500, Stark's actual expenses for the crop. The facts as to this proposed settlement absolutely dispute appellant's contention. The undisputed evidence shows that Stark and Sandefur did have a settlement; that Stark got his half of the money that the rice brought, and that Sandefur borrowed this money from Stark and gave his note for the same, due perhaps the next fall; and that Sandefur repaid the $1,409.67 to Stark with ten per cent. per annum interest, in accordance with the terms of the note. The record is silent as to whether Mr. Sandefur paid the irrigation company anything for what water it did furnish; but it is certain that Sandefur made no such settlement as is contended by the appellant, and it is equally certain that Mr. Stark did not make any such settlement.

[1] The issue of settlement seems to be the principal alleged error relied upon by the appellants in this case, or rather the failure of the trial court to submit to the jury the issue of settlement, claiming that the court erred in not giving its special requested instruction to the jury, as follows:

"Did the plaintiff, Sandefur, and defendant W. H. Stark, in the First National Bank in the town of Orange, in the latter part of the year 1912, have a settlement between them, by the terms of which they settled all the differences, if any, which existed between them, including the damages claimed by plaintiffs, because he had not, as claimed by him, received a sufficient amount of water to properly irrigate his rice crop; and was the settlement carried out on the part of the plaintiff?"

We think the facts of this case absolutely refute any such settlement, and therefore the learned trial court did not err in refusing to submit the requested charge.

[2] The appellants also attack the finding of the jury on the third special issue submitted, which is as follows:

"Did the Orange County Irrigation Company, through E. W. Brown and John W. Hart, or either of them, agree before the plaintiff, E. E. Sandefur, leased the land described, if he did lease the land, to irrigate the land, if he, E. E. Sandefur, would plant said land in rice?"

The jury answered this special issue thus: "Dr. E. W. Brown and John W. Hart."

Appellants contend that the undisputed evidence shows that at the time of the alleged contract with Dr. E. W. Brown, he, Brown, had no connection with the irrigation company that authorized him to bind said company. This may be true, but it is equally as true that Dr. Brown, according to Dr. Sholars' testimony, did, in January, 1912, become so identified with the company that he was clothed with authority to bind it. Dr. Sholars was president of the company at the time. It is equally certain that Dr. E. W. Brown, after he became connected with the company, by his acts and representations, at least, attempted to carry out for the irrigation company just what Sandefur claims his contract with the company to have been.

Again, if Dr. Brown had no authority, at the time of his conversation with Sandefur, to bind the company, it is certain that John W. Hart did have such authority to bind the company, and the jury finds that the contract was made by Sandefur and John W. Hart, as well as by Sandefur and Dr. E. W. Brown, and appellant does not question this finding of the jury in his assignments.

There was no error in the special issue submitted by the court, and the jury disposed of the issue by its answer, and it is not the province of this court to interfere with the findings of the jury on an issue where there are facts in the record to support such finding. Cullen v. Emgard, 44 S. W. 538; Tex. & Pac. Ry. Co. v. Raney, 86 Tex. 363, 25 S. W. 11; Michie's Dig. pp. 248–251, and authorities there cited.

It is to be noted that the irrigation company did complete its canal to the premises rented by Sandefur about the 19th of June, and, under the testimony of the case, in time for Sandefur to have made a good rice crop, if the irrigation company had furnished him sufficient water to properly irrigate his rice. The evidence further shows that the irrigation company had sufficient water for the purpose; but on account of the irrigation company not furnishing sufficient and proper "water bosses" to properly distribute the water to the different people along the canal, part of the time that plaintiff might have received water, other patrons of the company above him had checks or dams in the canal that prevented any water from coming to his crop. The evidence further shows that numerous and sundry brakes went unrepaired, both in the main canal and in the lateral through which water would have been furnished to Sandefur's rice crop, all of which prevented Sandefur from getting water to irrigate his rice. The evidence shows, further, that Sandefur notified the company, both orally and in writing, numerous times, the condition of his rice crop, and of its need of water, and importuned the company to furnish him water to properly flood his rice, and that the company did make some futile efforts to furnish him with the necessary water, but in the main it failed to do so.

There being no material error committed by the able trial court, and the jury having fully disposed of the issues of the case, we find no cause for reversal, and the case is therefore affirmed.