**SHELL PIPE LINE CORPORATION v. COSTON.**

No. 2491.

Court of Civil Appeals of Texas. El Paso.
Feb. 5, 1931.

**PELPHREY, C. J.**

The Shell Pipe Line Corporation has appealed from judgment rendered against it for damages in favor of R. M. Coston, which Coston claimed arose from the construction of a pipe line and telephone line across his land under an easement.

The written instrument granting the easement conferred upon the pipe line company a "right of way from time to time to lay, construct, reconstruct, replace, renew, maintain, repair, change the size of and remove pipes and pipe lines for the transportation of oil, petroleum, or any of its products, gas, water and other substances, or any thereof, and to erect, maintain, operate and remove upon a single line of poles with necessary anchorage and appurtenances, telephone and telegraph line, or either of them, over, through, upon, under and across our land situated in the County of Scurry, State of Texas, said tract being described as follows, to-wit: (Here follows description of land.)

"Together with rights of ingress and egress to and from said line or lines or any of them, for the purpose aforesaid."

It specially reserved to Coston the right to use and fully enjoy the premises, except as to the rights granted, and contained the following provisions as to damages: "And the grantee hereby agrees to pay any damages which may arise to crops, timber, fences, or building of said Grantor's from the exercise of the rights herein granted."

The items of damage alleged by appellee were: (1) The placing by appellant of one pole in the small field west of the railroad in violation of its agreement not to do so; (2) that one guy wire on one of appellant's poles was so ill constructed and unnecessarily placed as to render useless one-fourth of an acre of land; (3) that appellee's land was packed and hardened by the unnecessary passing over it of appellant's teams, wagons, and trucks, thereby injuring the land; (4) that the soil of his farm was packed and hardened by reason of appellant cutting a ditch across a highway in the vicinity of his land, tearing down and making openings through his fences, thereby diverting the travel along said highway across his land; and (5) by reason of having his land poisoned with Johnson grass seed deposited thereon from the excrement from appellant's teams which it camped on his land at noons.

Appellee, in his brief, appears to take the position, as apparently did the trial court, that appellant was liable under the above contract for any damages which might arise.

We think this position is untenable. Appellant in the contract agreed to be liable for damages to crops, timber, fences, and buildings and by so specifying denied its liability for other damage.

Thompson, Mitchell, Thompson & Young, of St. Louis, Mo., and R. H. Whilden, of Dallas, for appellant.

Beall, Beall & Beall, of Sweetwater, for appellee.

This being true, then appellee's right to recover the damages alleged would depend upon whether appellant had used ordinary care in the manner in which it constructed the lines. Texas Pipe Line Co. v. Higgs (Tex. Civ. App.) 243 S. W. 633, 637 (writ refused); Gulf Pipe Line Co. v. Watson et ux. (Tex. Civ. App.) 8 S.W.(2d) 957.

As said in the case of Texas Pipe Line Co. v. Higgs, supra: "The compensation received by the plaintiff for that right of way included compensation for such damages to his land and would necessarily result from the construction of the pipe line with ordinary care."

In the present case appellant would not have been liable to appellee for any damage which would necessarily have resulted from the construction of the lines in a proper manner, except for the agreement to pay for damages to crops, timber, fences, and buildings. By such agreement it became liable for damages to them whether the damages necessarily resulted from the construction of the lines in a proper manner or not, but damages, other than those specified, could only be recovered by a showing that they did not arise necessarily from the construction of the lines in a proper manner.

The issue submitted by the court as to the damages to appellee's land did not limit the damages which might be found to those which were caused by the unreasonable or unnecessary acts of appellant, and their submission was therefore error.

■ The overruling of appellant's special exceptions to appellee's supplemental petition, in view of the jury's finding that appellee and his wife did not execute the receipt or release, if error, was harmless, appellant not having shown itself prejudiced thereby. 3 Tex. Jur. p. 1255.

■■ Appellee introduced, over the objection of appellant, testimony of several witnesses to the effect that the reputation of appellee and his wife for truth and veracity, in the community in which they lived, was good.

Under the facts here we think the testimony was erroneously admitted. No effort was made to impeach appellee and his wife, and therefore testimony as to their reputation for truth and veracity was inadmissible. A mere contradiction between witnesses does not authorize the introduction of such evidence. Texas & P. Ry. Co. v. Raney, 86 Tex. 363, 25 S. W. 11; Jones-O'Neal Furniture Co. v. Jones (Tex. Civ. App.) 269 S. W. 180; Louisville & N. R. Co. v. Bryant (Tex. Civ. App.) 252 S. W. 322.

■ In view of the fact that handwriting may be proved by comparison with that of other papers in the case, we think the use of a microscope by an expert, in explaining the reasons for his opinion, should be permitted.

■ The evidence as to what was said about placing a pole in the small field west of the railroad, there being nothing in the written contract relative thereto, was improperly admitted. This was in violation of the parol evidence rule.

The evidence showing that there were three guy wires on one pole, the submission of special issue No. 5 as to the amount appellee was damaged by the placing of guy wires and supports on said poles should not have been submitted.

■ The trial court submitted the following two issues as to the damages sustained by appellee from having his land infested with Johnson grass:

"Special Issue No. 9: Do you find from a preponderance of the evidence that during the process of the construction of said pipe line and telephone line through the premises of the plaintiff R. M. Coston, the servants and employees of the defendant camped upon the land of the plaintiff and fed Johnson grass to the defendant's team or teams in its employ, causing said Johnson grass to be propagated and grown upon said premises?

"Special Issue No. 10: Do you find from a preponderance of the evidence that the feeding of Johnson grass to the teams of the defendant or in its employ during the time of the construction of said pipe line and telephone line through the premises of the plaintiff R. M. Coston, as alleged, was the proximate cause of the propagation and growing of Johnson grass upon the premises of the said R. M. Coston?"

Appellant contends that these issues should not have been submitted, because there is no positive evidence that appellant's servants fed Johnson grass to its team or teams.

Appellee testified that appellant had fourteen head of stock, and that around where the stock were fed Johnson grass sprang the next spring after the pipe line was constructed; that Johnson grass sprang up pretty well all along wherever they went; that it came up all around where they camped along each side of the pipe line where the teams were; that he had no Johnson grass before, and that there was none in that vicinity that would have spread the seed where he found the grass.

These circumstances, we think, were sufficient to justify the submission of the issues.

■ Upon another trial, if special issues are submitted, questions should be submitted separately.

■ Under appellant's general denial and the evidence that Johnson grass was growing along the railroad right of way and county highway near appellee's place, the requested issue as to what part of the Johnson grass on appellee's premises was caused therefrom should have been submitted.

The definition of proximate cause as given by the trial court was insufficient, St. Louis, S. F. & T. R. Co. v. Mullins (Tex. Civ. App.) 23 S.W.(2d) 489, and cases cited, and the court should have charged the jury on the measure of damages.

For the reasons above stated the judgment must be reversed and the cause remanded.