### GRANT et al. v. PENDLEY et al.

No. 1259–5648.

Commission of Appeals of Texas, Section B.

June 10, 1931.

B. H. Gardner, T. B. Greenwood, Jr., and B. R. Reeves, all of Palestine, for plaintiffs in error.

Melton & Melton, of Chickasha, Okl., and W. C. Campbell, of Palestine, for defendants in error.

LEDDY, J.

The case made by plaintiffs in error's pleadings, and the evidence offered by them in support of same, tended to show that the execution of deeds to certain lands owned by them had been procured by means of false and fraudulent representations made by the defendants in error for the purpose of, and which did, induce the execution of such instruments.

In this state of the record defendants in error were permitted, over objection of plaintiffs in error, to introduce witnesses to testify that the general reputation of each of them for truth and veracity and honesty and fair dealing in the community in which he resided was good.

This testimony was admitted before either of the defendants in error had testified, upon the evident theory that the pleadings of plaintiffs in error, as well as the evidence offered in support thereof, charged each of them with intentional fraud, and that thereby defendants in error's characters were made an issue so as to justify the admission of supporting evidence of general good character.

The authorities on the question as to permitting supporting evidence of general reputation for honesty and fair dealing and truth and veracity by a party in a civil case, where his adversary has by pleadings and evidence charged him with the commission of a crime involving moral turpitude or the perpetration of an intentional fraud, are somewhat in conflict. The overwhelming weight of authority, however, denies the right to introduce this character of evidence in any civil action except where the character of a party by the nature of the action is squarely at issue, or where it is offered for the purpose of supporting the testimony of a witness who has

been directly impeached. As the question is one of considerable importance, it may be well to briefly examine the pronouncement of the leading text-writers and authorities upon this subject.

Corpus Juris, volume 22, page 473, announces the correct rule on this subject to be as follows:

"The general rule is that a party is not entitled to introduce evidence of his good character in the first instance merely because his adversary has by pleadings, or the nature of the action, charged him with committing a legal wrong or even an act for which he might be subjected to a criminal prosecution."

A similar doctrine is laid down by the author of Ruling Case Law, volume 10, § 119, in the use of this language:

"It has sometimes been held in civil actions, where the party is charged with gross fraud or depravity upon circumstances merely, that evidence of uniform integrity and good character was admissible for the purpose of rebutting any unfavorable inference or presumption which might arise from the circumstances proven. But the very decided weight of authority holds that evidence of general good character is inadmissible by way of defense in a civil action in which a party is charged with a specific fraud."

Chamberlayne, on the Modern Law of Evidence, volume 4, § 3274, is in harmony with the foregoing view. He announces the rule to be:

"As has already been indicated, the exclusion of evidence of character of a party as a basis for an inference as to his conduct is practically absolute in civil cases. A good fundamental reason for this rule is found in the fact that a party's character is ordinarily of no probative value in such actions. ＊ ＊ ＊ There is, however, another reason, and it is one of administrative policy. It doubtless has its source in a variety of considerations, but that which assumes greatest importance is the necessity that the issues be confined in order that trials may not be of undue length."

The right to introduce this character of evidence in a civil case is likewise denied by Mr. Jones, in his excellent work on Evidence, volume 1, § 148. He states:

"Evidence of character in such cases has but a remote bearing as proof to show that the act in question has or has not been committed. It is uncertain in its nature because true character is ascertained with difficulty and those who are called to testify are reluctant to disparage the influential and often too willing to disparage one under a cloud."

This author further states that there are a few cases which support the admissibility of this character of evidence in cases of fraud, but in this connection he says:

"This view is contrary to the clear weight of authority and does not seem to be based upon any recognized principle of the law of evidence. Instances are constantly arising both in actions in tort and contract where the motives of parties are called in question; but this fact does not, in any legal sense, render the general character of such party relevant to the issue. It is a far safer rule that, in conformity to the general rules of evidence in civil cases, each transaction should be ascertained by its own circumstances and not by the character of the parties. The rule may be considered as settled that in civil suits evidence of character is not admissible except where it is directly on the issue, and when from the nature of the issue said evidence is of special importance. Whether the act charged or complained of be indictable or not is not material." Volume 1, § 155.

In the case of Thompson v. Bowie, 4 Wall. 463, 471, 18 L. Ed. 423, the Supreme Court of the United States declares the rule upon this subject in this language:

"It is very rare that in civil suits the character of the party is admissible in evidence, and it is never permitted, unless the nature of the action involves or directly affects the general character of the party."

Judge Shelby, in Quinalty v. Temple, 176 F. 67, 69, 27 L. R. A. (N. S.) 1114, 99 C. C. A. 375, in discussing the danger of admitting such evidence in civil cases, says:

"At best, such evidence is a mere matter of opinion, and, in matters of opinion, witnesses are apt to be influenced by prejudice or partisanship, of which they may be unconscious, or by the opinions of those who first approach them on the subject. The introduction of such evidence, in civil cases, to bolster the character of parties and witnesses who have not been impeached, would make trials intolerably tedious and greatly increase the expense and delay of litigation."

The Supreme Court of Connecticut, in Stow v. Converse, 3 Conn. 325, 8 Am. Dec. 189, after declaring that such evidence is not admissible in civil cases, remarks that were the rule otherwise, "general character would become the principal evidence in most cases; and he who could throng the court with witnesses to establish his reputation in general, would shelter himself from the wrongs he had perpetrated."

The inherent weakness of this character of evidence is portrayed by William Shakespeare, wherein one of his characters is made to say of another:

"Even so may Angelo,
In all his dressings, characters, titles, forms,
Be an arch villain." Measure for Measure,
   Act 2, Sc. 1.

Again, the same author warns of the dan-

ger of too strict a reliance upon reputation in the language:

"Reputation is an idle and most false imposition;

Oft got without merit and lost without deserving." Othello, Act 2, Sc. 3.

Supporting the doctrine announced by the foregoing eminent text-writers will be found in cases by courts of practically all of the states, among which we cite the following: Thompson v. Bowie, 4 Wall. 463, 18 L. Ed. 423; Lord v. Mobile, 113 Ala. 360, 21 So. 366; Powers v. Armstrong, 62 Ark. 267, 35 S. W. 228; Continental Ins. Co. v. Jachnichen, 110 Ind. 59, 10 N. E. 636, 59 Am. Rep. 194; Porter v. Whitlock, 142 Iowa, 66, 120 N. W. 649; Colburn v. Marble, 196 Mass. 376, 82 N. E. 28, 124 Am. St. Rep. 561; Adams v. Elseffer, 132 Mich. 100, 92 N. W. 772; Milan Bank v. Richmond, 235 Mo. 532, 139 S. W. 352; Taylor v. Heft, 150 App. Div. 509, 135 N. Y. S. 450; Baltimore & O. R. Co. v. Colvin, 118 Pa. 230, 12 A. 337; Dame v. Kenney, 25 N. H. 318; Southern Kan. Ry. Co. v. Robbins, 43 Kan. 145, 23 P. 113; Leinkauf v. Brinker, 62 Miss. 255, 52 Am. Rep. 183; Marcom v. Adams, 122 N. C. 222, 29 S. E. 333; Cummins v. Crawford, 88 Ill. 312, 30 Am. Rep. 558; Wilson Lumber & Milling Co. v. Atkinson, 162 N. C. 302, 78 S. E. 212, 49 L. R. A. (N. S.) 733.

The authorities in our own state are not altogether harmonious upon the question. The Supreme Court, in Texas & Pacific Railway Co. v. Raney, 86 Tex. 363, 25 S. W. 11, 13, has definitely adopted the view that supporting testimony of good character should be admitted, where a party to a suit is charged by his adversary with a crime involving moral turpitude. In the case in which this doctrine was announced it appeared the railway company had made an issue that the plaintiff had forged a receipt for medical services, which he claimed the physician treating his injuries had given him. Under these circumstances it was distinctly held that the plaintiff was entitled to offer supporting evidence of general good character. Our Supreme Court in this case went further than seems warranted by the decided weight of authority. It was broadly announced that such evidence was admissible to support the reputation of a party, where a crime or fraud was charged. That portion applying the rule in case of fraud was dictum, as the facts in the case before the court tended to show the commission of the crime of forgery.

In view of the unanimous pronouncement of all the leading text-writers, supported by the great weight of authority throughout the country, we are not inclined to further extend the rule so as to permit evidence of good character to be admitted in civil cases merely because one of the parties has been charged with fraud, or his motives have been questioned by the pleadings or the evidence of an adversary. In this connection the language of Judge Moursund, in Luckenbach v. Thomas (Tex. Civ. App.) 166 S. W. 99, 105, meets with our hearty approval. In holding that such evidence should not be admitted in fraud cases this able jurist said:

"Our courts have been more liberal in permitting such evidence than the weight of authority appears to warrant. * * * We are unwilling to extend the doctrine further, and to apply it in a case where fraud is charged, especially where such charge is not based upon circumstances from which different inferences might be drawn, but it is to be determined by virtue of the credit to be given to the testimony of the witnesses as to whether or not certain statements were made, and whether or not they were true or false. If the party charged with making false representations, even though it is charged that same were made knowingly, can be permitted to strengthen his testimony by proof of his good reputation for honesty, it appears reasonable that the other party, who is sought to be put in the attitude of seeking to unjustly mulct his opponent in damages to which he is bound to know he is not entitled, should also be permitted to bolster his testimony by proof of his good reputation for honesty. Thus a large number of witnesses would be called, and the controversy resolved into one to determine which could establish the best reputation."

Plaintiff in error seeks to invoke the rule announced in a few cases that where a party to a suit is a stranger at the place where the case is tried, he may offer supporting testimony of good character. Judge Brown expressly repudiated a similar contention in the Raney Case, cited supra, wherein he says:

"If his being a stranger controls in the matter, then defendant could have introduced evidence as to the character of the witnesses whose depositions it took, and thus the case would have been converted into one of investigation of character, with as many issues as there were witnesses."

We are cited to the decision of this commission in Brannon v. Gartman, 288 S. W. 817, as directly holding that supporting evidence of good reputation for honesty and fair dealing is admissible, where a party is charged by his adversary with fraud or crime.

It will be observed that the case was reversed upon other grounds, the commission expressly declining to decide the question as to the admissibility of this character of evidence because the bill of exception raising the same was defective. The statement made in the course of the opinion as to what would have been held if the question had been properly presented is not authoritative, and must be regarded as mere dicta.

If such evidence be held proper in cases of this character, it is difficult to draw the line as to just when such testimony should be excluded. If defendants in error are entitled to offer such evidence to rebut the inference that they have been guilty of deliberate misrepresentation, then, logically, plaintiffs in error would be entitled by similar evidence to rebut the inference that they were seeking to obtain title to land to which they knew they had no just claim. In fact, there would be but few cases wherein such evidence would not be admissible. With both sides using character witnesses, often the real merits of the controversy would be obscured or entirely lost sight of, and he who could best develop this phase of his testimony would stand the better chance to obtain a verdict. As has often been declared, it is a far safer rule that controversies between citizens should be decided upon facts having a direct bearing upon the issues between them rather than upon mere opinions of partisan friends as to the relative standing of the parties to the litigation.

We therefore announce the rule to be that supporting evidence of good character, either for truth and veracity or honesty and fair dealing, should only be admitted in those cases where the nature of the action directly involves the character of a party, where a witness has been impeached, or where a party by his pleading or evidence charges his adversary with the commission of a crime involving moral turpitude.

We do not agree with the conclusion of the Court of Civil Appeals that in any event the error in admitting the evidence complained of was harmless. As the evidence was sharply conflicting upon the material issue as to whether defendants in error made fraudulent representations to induce the execution of the deeds by plaintiffs in error, we cannot say that this improper evidence did not, to some extent, influence the jury in answering such issue in favor of defendants in error.

There are other questions raised by plaintiffs in error, but as they are not of such a nature as to likely arise upon another trial, it is unnecessary that we decide them.

We recommend that the judgments of the trial court and the Court of Civil Appeals be reversed, and the cause remanded for another trial.

CURETON, C. J.

Judgments of the district court and Court of Civil Appeals both reversed, and cause remanded, as recommended by the Commission of Appeals.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.