## 38

ARGONAUT SOUTHWEST INSURANCE COMPANY, Appellant,

v.

J. E. POLLAN, Appellee.

No. 7776.

Court of Civil Appeals of Texas.

Amarillo.

Jan. 29, 1968.

Morehead, Sharp, Boyd & Tisdel and Robert L. Gibbins, Jr., Plainview, for appellant.

Stovall & Stovall and Frank Stovall, Plainview, for appellee.

NORTHCUTT, Justice.

This is a workman's compensation suit brought by J. E. Pollan, hereinafter referred to as appellee, against Argonaut Southwest Insurance Company, hereinafter referred to as appellant, for workman's compensation benefits. Based upon the verdict of the jury in answer to special issues, the trial court entered judgment for benefits in the sum of $6,457.06 in a lump sum in favor of appellee and against appellant. From that judgment appellant perfected this appeal.

Appellee was injured on April 22, 1965, and on May 17, 1965, filed his notice of injury and compensation with the Industrial Accident Board. The original notice for compensation was for an injured ankle and toe, bruises and skins all over legs. On February 17, 1966, a letter was written to the board seeking to amend the notice of injury and claim for compensation. There was written on the original the following: "See attys. ltr. of 2–17–66 amending parts of body injured to ankle and toe of left foot and injuries to back, low back and body generally". Then appellee filed this suit on March 24, 1966. We make these statements to give history of the proceedings and do not question the right of appellee to amend his notice filed with the board.

Appellee, J. E. Pollan, brought suit in the District Court of Hale County, Texas, to set aside an award of the Industrial Accident Board for workman's compensation benefits. Appellee alleged both specific injuries and a general injury, to wit: (1) injuries to his left little toe and left ankle and (2) injuries to his back and low back. Special issues were submitted inquiring as to whether appellee sustained an accidental personal injury or injuries to his body on or about April 22, 1965, along with the other standard workman's compensation issues inquiring as to the nature and extent of any disability resulting from a general injury. In a separate series of issues, the Court inquired whether or not the injury, if any, consisted in part of an injury to plaintiff's back and whether or not the injury, if any, to plaintiff's back was a producing cause of the incapacity, if any,

sustained by appellee. These inquiries were followed by special issues in regard to the specific injuries to appellee's left ankle and left little toe.

The jury returned a verdict that appellee sustained an accidental personal injury on April 22, 1965, and that as a result thereof he was totally disabled for five weeks, and that thereafter he sustained a permanent, partial disability. The jury further answered that the accidental personal injury of appellee consisted in part to an injury to plaintiff's back and that this injury was a producing cause of the incapacity previously found by the jury. The jury also found that appellee sustained a total loss of the use of his left little toe and that same was permanent. The jury found that the accidental personal injury sustained by appellee also consisted in part to an injury to appellee's left ankle, but that appellee did not sustain any total loss of use of his left ankle. The jury failed to answer the remainder of the issues in regard to appellee's left ankle and the verdict was so accepted by appellee.

Appellant's complaints on this appeal fall into three categories:

(1) The lack of evidence to support the jury's finding that appellee sustained an injury to his back in the accident in question and that same was a producing cause of his alleged disability;

(2) The lack of evidence that appellee sustained any disability as a result of a general injury, but that any disability sustained by appellee is caused solely by the specific injuries in question; and

(3) That the Honorable Trial Court erred in admitting evidence, over appellant's timely objections, in regard to appellee's character and reputation for truth and veracity.

We will first consider appellant's 15th point of error which is as follows:

*"Point No. 15*

This case should be reversed because the Honorable Trial Court erred in permitting the plaintiff to introduce testimony in regard to the plaintiff's truth, veracity, character and reputation over the defendant's timely objections that there had been no predicate laid for such testimony, that the plaintiff's truth and veracity had not been placed in issue, that the plaintiff had not been impeached, that said testimony was speculative, conjectural, called for a conclusion and an opinion on the part of the witness which he was not qualified to give, that it was hearsay, that the said testimony invaded the province of the jury, and that it was an attempt to bolster the plaintiff in his case in chief before the plaintiff ever took the witness stand to testify."

That point does not complain of the evidence as to appellee being a good workman.

The appellee placed nine witnesses on the stand in chief before calling the appellee to testify. The first two were to show the accident happened. Six of the nine witnesses were permitted over the objections of the appellant to testify as to truth, veracity and reputation of the appellee or whether appellee was a malingerer. The six witnesses were permitted to answer favorable to the appellant such questions as follows:

"Q. Based upon your knowledge of him and experience and observation over that period of forty-five years, would you state to the jury whether or not in your opinion he is the type of man that would try to lay off or say that his back was hurt or his foot or his ankle or toe, if it were not hurting him?

Q. Based upon your personal knowledge, observation, through observation, acquaintanceship with Mr. Pollan over this period of years that you have known him and observed him, is he, or not, in

your opinion, or is he in your opinion the type of person or man or worker that would complain of his back hurting or his foot or leg or any other part of his body in order to shirk work, if it were not hurting?"

This evidence could have no bearing on the issues involved and obviously was introduced solely to bolster appellee's reputation as to telling the truth and whether he was a malingerer. These questions seem to inquire of the witnesses if they thought appellee was a man who would make misrepresentations concerning an injury and if he was a malingerer. It is stated in Great Western Sugar Co. v. Hewitt, 127 Neb. 790, 257 N.W. 61, that "malingering as applied to workmen's compensation cases means deception, practiced by dishonest employee, by feigning, inducing or prolonging either sickness or injury, for purpose of securing illegal or fraudulent compensation payments".

There is nothing in this record to show appellant at the time of such testimony had questioned appellee's good character for truth or honesty nor his veracity in any manner and neither had appellant at the time contended appellee was a malingerer. Neither is there anything in this record involving appellee's character. Neither had he been impeached and neither did appellant attempt by its pleadings or evidence to charge appellee with commission of a crime involving moral turpitude. We are of the opinion that it was error to permit appellee to introduce the above mentioned evidence.

For a general discussion of why such evidence should not be admitted see Grant et al. v. Pendley et al., 39 S.W.2d 596 (Tex. Comm.App., approved by Sup.Ct.) and the many cases there cited. The Court there stated:

"We therefore announce the rule to be that supporting evidence of good character, either for truth and veracity or honesty and fair dealing, should only be admitted in those cases where the nature of the action directly involves the character of a party, where a witness has been impeached, or where a party by his pleading or evidence charges his adversary with the commission of a crime involving moral turpitude."

See also Waggoman et al. v. Fort Worth Well Machinery & Supply Co. et al., 124 Tex. 325, 76 S.W.2d 1005 citing the holding in the Grant case as being correct; Livestock Feeder Co. et al. v. Few et al., 397 S.W.2d 297 (Tex.Civ.App., n. r. e.); Fort Worth Hotel Co. et al. v. Waggoman, 126 S.W.2d 578 (Tex.Civ.App., judgment correct).

The Grant v. Pendley case is also given in 78 A.L.R. 638 showing that the holding there was approved and upheld by the great majority of the courts. That text there stated it has generally been held that the admission of such evidence is grounds for reversal. Since we are of the opinion the case should be reversed because of the matters above discussed, we deem it unnecessary to discuss other points as they may not arise on another trial. Judgment of the trial court is reversed and remanded.